Amber Morgen HESSKEW, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 12–03–00263–CV.

Court of Appeals of Texas, Tyler.

July 30, 2004.

John E. Trube, Tyler, for appellant.

Steve Gill, Kevin Michael Givens, Austin, Rene S. Lial, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and DeVASTO, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

An administrative law judge ("ALJ") authorized the Texas Department of Public Safety ("DPS") to suspend Amber Morgen Hesskew's ("Hesskew") driver's license for 180 days. On appeal, the County Court at Law No. 3 in Smith County, Texas affirmed the administrative decision. In two issues, Hesskew contends that there was no evidence to support that 1) a traffic violation had occurred or that 2) Hesskew was intoxicated. We affirm.

### BACKGROUND

At 3:40 a.m. on Saturday, November 16, 2002, Officer Barry Goines of the DPS stopped Hesskew on Interstate 20 in Smith County for 1) driving 80 miles per hour in an area with a posted speed limit of 65 miles per hour, 2) failing to drive in a single lane, and 3) driving on the improved

shoulder. Officer Goines wrote in his report that at the time of the stop, the thirty-two year old Hesskew displayed the following conditions: "poor balance, swaying, odor [of] beer on breath, [and] bloodshot eyes." Hesskew told Officer Goines that she had consumed two cranberry-and-vodka drinks in Terrell and that she was on her way to Canton, which is located in Van Zandt County.[1] At the time of the stop, Officer Goines administered the standardized field sobriety testing that included the horizontal gaze nystagmus, the walk-and-turn, and the one-leg stand. Officer Goines wrote that Hesskew could not perform the latter test because she kept falling down. Officer Goines then arrested Hesskew for driving while intoxicated and requested that Hesskew take a breath test to determine her blood alcohol content. Hesskew refused to provide a breath sample.

The DPS suspended Hesskew's license for 180 days, and she contested the suspension during an administrative hearing. After the hearing on March 27, 2003, the ALJ entered an order affirming the suspension of Hesskew's drivers license. Hesskew appealed this decision to the County Court at Law No. 3 in Smith County, Texas, which affirmed the ALJ's order on August 1, 2003. Hesskew timely appealed to this Court.

### STANDARD OF REVIEW

A person whose driver's license is suspended following an administrative hearing is entitled to a judicial review of the decision. See TEX. TRANSP. CODE ANN. § 524.041 (Vernon 1999). Courts review administrative license suspension decisions under the substantial evidence standard. See TEX. TRANSP. CODE ANN. § 524.041 (Vernon 1999); TEX. GOV'T CODE § 2001.174

(Vernon 2000). "Substantial evidence" means that, on the evidence as a whole, reasonable minds could have reached the same conclusion as that of the administrative agency. See Texas State Bd. of Dental Examiners v. Sizemore, 759 S.W.2d 114, 116 (Tex.1988).

The issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's actions. Mireles v. Tex. Dep't. of Pub. Safety, 9 S.W.3d 128, 131 (Tex.1999). Courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them. Id. In fact, an administrative decision may be sustained even if the evidence preponderates against it. Id.

### REASONABLE BELIEF OF A TRAFFIC VIOLATION

In her first issue, Hesskew contends that the evidence was insufficient to show that she had violated any traffic law or regulation; therefore, there was no justification for Officer Goines to stop her. The DPS responds that it was not necessary for it to establish that Hesskew had actually committed a traffic offense. We agree with the DPS.

When a law enforcement officer stops someone on a public road, it is only necessary that he reasonably believes that a violation was in progress. See Powell v. State, 5 S.W.3d 369, 377 (Tex.App.Texarkana 1999, pet. ref'd). When a law enforcement officer observes a vehicle traveling what he believes to be fifteen miles over the posted speed limit, a traffic stop is justified. See Texas Dep't. of Pub. Safety v. Nielsen, 102 S.W.3d 313, 317 (Tex.App.Beaumont 2003, no pet.). Under

1. In order to have reached Smith County from Terrell while driving on Interstate 20, Hesskew would have driven through Van Zandt County and passed Canton.

the *Mireles* standard, we hold that there is substantial evidence that Officer Goines had a reasonable belief that Hesskew was speeding. *See Mireles*, 9 S.W.3d at 131.

Because we have determined that Officer Goines had a reasonable belief that Hesskew was speeding, it is not necessary for us to consider the alleged violations of Hesskew's failure to drive in a single lane or driving on the improved shoulder. Accordingly, Hesskew's first issue is overruled.

### TIMING OF HESSKEW'S ARREST

██ In her second issue, Hesskew contends that Officer Goines conducted the field sobriety tests after he had arrested her and therefore the field sobriety tests were inadmissible evidence. Hesskew bases this contention on the fact that in Officer Goines's sworn report, which was the only evidence before the ALJ, the arrest occurred at 3:40 a.m., while the field sobriety test was entered as being conducted at 3:45 a.m.

The DPS responds that Officer Goines's sworn report also shows that the traffic stop was made at 3:40 a.m. and that the *Miranda* warnings were also given at 3:40 a.m.[2] The DPS contends that these time notations in the report show that Officer Goines was making approximate time notations in his sworn report rather than the actual specific time that each event occurred. The DPS contends that it is unrealistic to believe that Officer Goines stopped Hesskew, arrested her, and gave her *Miranda* warnings, all at 3:40 a.m.

██ Sworn affidavits of law enforcement officers must be viewed by the courts in a common sense, not hyper-technical, fashion. *See McFarland v. State*, 928

S.W.2d 482, 510 (Tex.Crim.App.1996). Courts are permitted to draw reasonable inferences from the facts supporting a law enforcement officer's sworn statements. *See Gibbs v. State*, 819 S.W.2d 821, 830 (Tex.Crim.App.1991). The ALJ was thus free to infer from the evidence before him that Officer Goines acted in the following order regardless of the time notations entered in his report: he stopped Hesskew, noticed signs that she had been drinking, asked her what she had been drinking, asked her where she had been drinking, administered field sobriety tests, arrested her, and then read her the *Miranda* warnings. Therefore, we hold that there was more than a scintilla of evidence to support the ALJ's findings. Hesskew's second issue is overruled.

### CONCLUSION

Having overruled Hesskew's two issues, the judgments of the ALJ and the trial court are *affirmed.*

---

2. *See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 701 (1966).