Opinion issued February 14, 2008










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-00991-CR
____________

CHRISTY NICOLE TIBBS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1056730



 
MEMORANDUM OPINION
          Appellant, Christy Nicole Tibbs, appeals her conviction for the felony offense
of possession of a controlled substance, namely 3,4-methylenedioxy
methamphetamine (ecstasy), weighing more than one gram and less than four grams. 
See Tex. Health & Safety Code Ann. § 481.103(a) (Vernon Supp. 2007). After
the trial court denied a pretrial motion to suppress evidence, appellant pleaded guilty
pursuant to a plea bargain. In accordance with the plea bargain, the trial court
deferred adjudication of guilt, placed appellant on deferred-adjudication community
supervision for two years, and imposed a $200 fine. In two issues, appellant contends
that the trial court erred in overruling her motion to suppress evidence seized after
unlawfully stopping appellant for speeding in violation of (1) Article I, section 9 of
the Texas Constitution and (2) the Fourth Amendment of the United States
Constitution. See U.S. Const. Amend. IV; Tex. Const. Art. I, § 9. We affirm.
Background
          Officer Cortez stopped appellant for speeding around 2:00 a.m. Cortez saw
appellant exceeding the posted 40-mile-per-hour speed limit on the I-10 East Freeway
service road and verified through the use of a radar, which he had been trained to use,
that appellant was speeding. Although sure that appellant was exceeding the speed
limit, Cortez could not recall appellant’s exact speed. Cortez explained that, because
he placed appellant under arrest for possession of a controlled substance, he did not
issue her a citation for speeding and, therefore, did not make a note of her speed. 
          While talking to appellant through the driver’s window, Cortez smelled what
he recognized as the odor of marijuana emitting from the car. After obtaining
appellant’s driver’s license, Cortez asked appellant to step out of the car. He then
saw a marijuana cigar in plain view on the driver’s side armrest. Cortez then arrested
appellant for possession of marijuana and placed her in the back of his patrol car. 
Cortez asked appellant if she had any more marijuana, and she admitted having both
marijuana and ecstasy, the substance that she was convicted of possessing in this
case. Cortez found both marijuana and ecstasy in appellant’s purse.
          Appellant filed a motion to suppress, in which she alleged that Cortez lacked
probable cause to stop her for speeding and interrogated her in violation of Miranda
v. Arizona.


 The court granted appellant’s motion to suppress any oral statements
that she made, but denied appellant’s motion to suppress the drugs found in her purse. 
Motion-to-Suppress Standard of Review
          In reviewing the trial court’s ruling on a motion to suppress evidence, we apply
a bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000); Blake v. State, 125 S.W.3d 717, 722 (Tex. App.—Houston [1st Dist.]
2003, no pet.). We give almost total deference to the trial court’s determination of
historical facts that depend on credibility, while we conduct a de novo review of the
trial court’s application of the law to those facts. Carmouche, 10 S.W.3d at 327. If
the trial court’s determination is correct on any theory of law applicable to the case,
we will uphold the determination. Id.
Unlawful Detention
          In two issues, appellant contends that the evidence was illegally obtained
because she was unlawfully detained for a traffic violation. 
          An officer may lawfully stop and detain a person for a traffic violation if the
officer has a reasonable basis for suspecting that an offense has been committed. See
Whren v. United States, 517 U.S. 806, 810, 116 S. Ct. 1769, 1772 (1996); McVickers
v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993). The officer must articulate
specific facts that, in light of his experience and personal knowledge, together with
inferences from those facts, would reasonably warrant the intrusion on the freedom
of the person detained. Terry v. Ohio, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968). 
          Under the appropriate standard of review, we must view the evidence in the
light most favorable to the trial court’s decision. See State v. Gray, 158 S.W.3d 465,
467 (Tex. Crim. App. 2005). Officer Cortez observed appellant speeding on the
service road prior to entering the on-ramp to the Interstate. Appellant contends that
there was no evidence that her speed “was not reasonable and prudent under
circumstances then existing.” See Tex. Transp. Code Ann. § 545.351(a), (b)
(Vernon 1999). However, Cortez testified that appellant exceeded the posted speed
limit. “A speed in excess of the limits . . . is prima facie evidence that the speed is not
reasonable and prudent and that the speed is unlawful.” Id. § 545.352 (Vernon Supp.
2007). 
          Appellant contends that, although proof of excessive speed is sufficient for a
jury to infer a finding that the speed was not reasonable and prudent, it does not
conclusively establish such. Appellant asserts that, based on the record in this case,
in which weather conditions may have been good and Officer Cortez could not recall
appellant’s speed and could not testify that his radar had been calibrated, “no
objective person could conclude that the speed Appellant was traveling was
unreasonable and imprudent under the circumstances then existing.” 
          Cortez testified that appellant’s speed was not reasonable or prudent under the
existing conditions. It was unnecessary for the State to “conclusively establish” this
fact. Rather, the State had to show that Cortez had a reasonable belief that a violation
was occurring. See Hesskew v. Tex. Dep’t. of Pub. Safety, 144 S.W.3d 189, 191 (Tex.
App.—Tyler 2004, no pet.). Based on his observations, the trial court did not err in
concluding that Cortez was justified in detaining appellant for speeding. See McAfee
v. State, 204 S.W.3d 868, 870 (Tex. App.—Corpus Christi 2006, pet. ref’d); Icke v.
State, 36 S.W.3d 913, 915–16 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). 
          Appellant does not contest that Cortez had probable cause to search the car and
to arrest appellant once he smelled the odor of marijuana and observed the marijuana
cigar in plain view. See Davis v. State, 74 S.W.3d 90, 96 (Tex. App.—Waco 2002,
no pet.) (holding that probable cause to arrest existed when marijuana cigarette in
plain view was proximate and accessible to appellant); Joseph v. State, 3 S.W.3d 627,
634-35 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (stating that “[t]he odor of
marijuana may, by itself, supply probable cause for a warrantless arrest” and that
search of appellant’s wallet following that arrest was lawful); Hillsman v. State, 999
S.W.2d 157, 162 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d) (holding that
probable cause for warrantless arrest existed when officer saw what officer believed
to be crack cocaine that was in plain view in appellant’s vehicle); Carr v. State, 904
S.W.2d 882, 885 (Tex. App.—Eastland 1995, pet. ref’d) (holding that smell of
marijuana gave probable cause to make warrantless arrest). Thus, the court was
within its discretion to determine that the evidence was legally obtained. 
          We hold that the trial court did not abuse its discretion by overruling the
motion to suppress filed by appellant. We overrule issues one and two. 
 Conclusion
          We affirm the judgment of the trial court.



                                                                        Tim Taft
Justice
 
Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. See Tex. R. App. P. 47.2(b).