NO. 07-07-0310-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 25, 2008

_____

CHRISTOPHER LEE SIMPSON JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY;

NO. 06-4934-1; HON. SUZANNE BROOKS, PRESIDING

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**Memorandum Opinion**

Appellant, Christopher Lee Simpson, Jr., appeals his conviction for the offense of driving while intoxicated and sentence of incarceration for 365 days in the Williamson County Jail. We affirm.

Background

On June 13, 2006, at around 4:15 a.m., appellant was seen driving his truck on a public road in Williamson County by Officer Anthony Catalano. Catalano was sitting in his

patrol car monitoring traffic when he saw appellant drive past at what Catalano believed to be a speed well over the posted speed limit of 60 miles per hour. Catalano then used the radar device in his patrol car to confirm that appellant was speeding. According to the radar, appellant was traveling at a speed of 74 miles per hour. On the basis of this information, Catalano initiated a traffic stop of appellant. Upon approaching appellant, Catalano smelled the odor of alcohol coming from inside the vehicle and observed that appellant's eyes were red and had a "glossy" appearance. As a result, Catalano asked appellant to step out of the vehicle. Catalano performed field sobriety tests (hereafter, "FST") on appellant. On all three tests, Catalano observed clues of intoxication. Catalano then placed appellant under arrest for driving while intoxicated. Once he was transported to the station, appellant refused to provide a breath sample for testing.

Appellant was charged with the offense of driving while intoxicated. The information further alleged that appellant had been previously convicted of a driving while intoxicated offense. Prior to trial, appellant filed two motions to suppress evidence. These motions challenged Catalona's reasonable suspicion to stop appellant, Catalona's probable cause to arrest appellant, and the admissibility of any statements made by appellant during the investigatory detention or while under arrest. Prior to the beginning of the trial, the trial court heard appellant's motions. All of the testimony elicited during this hearing related to Catalona's reasonable suspicion for the stop. Prior to ruling on the motions, the trial court specifically asked appellant if he was limiting his motion to suppress to the issue of the reasonable suspicion for the stop and appellant confirmed that this was the only issue he

was challenging by way of the motions. The trial court then overruled appellant's motions and the case proceeded to trial.

During the trial, Catalona testified as to the basis for his stop of appellant as well as his administration of the FST. Appellant objected to Catalona's testimony regarding the FST based on appellant's allegation that Catalona failed to follow the standards required in administering the FST. The trial court overruled appellant's objection. By cross-examination, appellant questioned Catalona about the basis for his stop of appellant and the method of his administration of the FST. At the close of evidence, appellant requested that the jury charge include a specific paragraph discussing the burden of proof required to convict appellant. After hearing argument on this issue, the trial court denied the requested instruction. The jury returned a verdict finding appellant guilty and the trial court assessed his punishment at 365 days incarceration in the Williamson County Jail.

By three issues, appellant challenges the judgment and sentence. Appellant's first issue contends that the trial court erred in denying appellant's motion to suppress evidence based on the illegality of Catalona's stop of appellant. Appellant's second issue challenges the trial court's denial of appellant's motion to suppress evidence based on Catalona's failure to properly administer the FST.[1] By his final issue, appellant contends that the trial court erred in denying appellant's request that an additional instruction be included in the jury charge.

----

[1] While appellant's issue challenges the denial of the motion to suppress, the record reflects that the propriety of the FST was not advanced by appellant at the suppression hearing and that appellant affirmatively waived presentation of this issue as part of his motion to suppress. As such, we will review this issue as a challenge to the trial court's overruling of appellant's objection to Catalona's testimony about the results of the FST.

3

Motion to Suppress

By his first issue, appellant contends that the trial court erred in denying his motion to suppress evidence obtained as a result of Catalona's stop of appellant because Catalona lacked reasonable suspicion for the stop. The State responds that Catalona had the requisite reasonable suspicion based on his visual estimate that appellant was traveling in excess of the posted speed limit and the confirmation that appellant was speeding provided by Catalona's in-car radar.

Generally, a trial court's ruling on a motion to suppress is reviewed by an abuse of discretion standard. See Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999); Maddox v. State, 682 S.W.2d 563, 564 (Tex.Crim.App. 1985). Whether the trial court abused its discretion depends upon whether, given the record and the law, its decision fell outside the zone of reasonable disagreement. See Benitez v. State, 5 S.W.3d 915, 918 (Tex.App.–Amarillo 1999, pet. ref'd). However, if the facts determinative of the motion are undisputed, then the review is *de novo*. See Oles, 993 S.W.2d at 106; Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).

A police officer may stop and temporarily detain an individual whom he suspects of criminal activity as long as the officer has a "reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detainee with the unusual activity, and some indication the unusual activity is related to crime." Garza v. State, 771 S.W.2d 549, 558 (Tex.Crim.App. 1989) (en banc). A police officer may lawfully stop and detain a person for a traffic violation so long as the officer has a

4

reasonable basis for suspecting an offense has been committed. <u>McVickers v. State</u>, 874 S.W.2d 662, 664 (Tex.Crim.App. 1993). Further, a police officer does not need to know the exact speed at which an automobile is traveling in order to make a stop for a traffic violation. <u>Dillard v. State</u>, 550 S.W.2d 45, 53 (Tex.Crim.App. 1977) (op. on reh'g). To justify a temporary detention, an officer must articulate facts which, in light of his experience and personal knowledge, together with reasonable inferences drawn from those facts, would warrant a temporary intrusion on the freedom of the person detained. <u>Woods v. State</u>, 956 S.W.2d 33, 38 (Tex.Crim.App. 1997).

In the present case, Catalona testified, at the hearing on the motion to suppress, that he visually estimated that appellant's vehicle was traveling at around 70 miles per hour, which was 10 miles per hour over the posted speed limit. Catalona then used his in-car radar to confirm his visual estimate. The radar, which Catalona testified that he had been trained to use and that he had calibrated for accuracy at the beginning of his shift, indicated that appellant's vehicle was traveling at 74 miles per hour. Appellant contends that Catalona did not have reasonable suspicion to stop appellant because Catalona did not use any standard methodology upon which to base his visual estimate of appellant's speed and because the audio portion of his radar was not functioning at the time that Catalona used it to check appellant's speed.[2]

---

[2] We are mindful that appellant's issue challenges Catalona's reasonable suspicion to stop appellant rather than the sufficiency of the evidence to prove the exact speed at which appellant was traveling. While appellant's argument could very well affect the weight to be afforded evidence of the precise speed at which appellant was traveling just prior to Catalona stopping the vehicle, these arguments have little impact on our review of whether Catalona reasonably suspected that appellant was speeding.

An officer's visual estimate of a vehicle's speed may be sufficient to give an officer a reasonable suspicion to stop the vehicle. See Hesskew v. Tex. Dep't of Pub. Safety, 144 S.W.3d 189, 191 (Tex.App.–Tyler 2004, no pet.); Icke v. State, 36 S.W.3d 913, 915-16 (Tex.App.–Houston [1st Dist.] 2001, pet. ref'd). In addition, an officer's testimony that he had been both trained to operate a radar and test for its accuracy is a sufficient predicate to support admission of radar evidence. Cromer v. State, 374 S.W.2d 884, 887 (Tex.Crim.App. 1964). Thus, we conclude that Catalona's visual estimate of appellant's speed, confirmed by his in-car radar unit, provided a sufficient basis for Catalona to reasonably believe that appellant was violating a traffic law. Therefore, we conclude that Catalona possessed sufficient reasonable suspicion to justify the stop of appellant and the trial court did not err in denying appellant's motion to suppress evidence.

We overrule appellant's first issue.

Admission of Evidence of Field Sobriety Tests

By his second issue, appellant contends that the trial court erred in overruling his objection to Catalona's testimony regarding the administration of and conclusions drawn from the FST. Specifically, appellant contends that Catalona did not perform the required minimum number of passes while administering the horizontal gaze nystagmus test and administered the walk and turn and one-leg stand tests on an improperly sloped surface and, thus, the tests are not reliable proof of appellant's intoxication. The State contends that slight variations in the administration of the FST does not render the evidence inadmissible or unreliable, but rather goes to the weight to be afforded that evidence.

6

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard.  See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App.2000); Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996).  A reviewing court should not reverse a trial judge's decision whose ruling was within the zone of reasonable disagreement.  Green, 934 S.W.2d at 102.  If the trial judge's decision is correct on any theory of law applicable to the case, the decision will be sustained.  State v. Ross, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000).

The battery of FST utilized by Catalona have been found to be reliable indicators of intoxication, provided that the tests are administered in accordance with the standardized guidelines.  See Emerson v. State, 880 S.W.2d 759, 768-69 (Tex.Crim.App. 1994); Compton v. State, 120 S.W.3d 375, 377 (Tex.App.–Texarkana 2003, pet. ref'd).  However, slight deviations from the guidelines in administering the FST do not render the evidence inadmissible, but may affect the weight to be afforded the evidence.  See Compton, 120 S.W.3d at 378 (citing *Preface to* Nat'l Highway Traffic Safety Admin., U.S. Dep't of Transp., DWI DETECTION AND STANDARDIZED FIELD SOBRIETY TESTING STUDENT MANUAL).

In the present case, appellant argues that Catalona failed to perform the requisite number of passes in administering the horizontal gaze nystagmus test, thus, making the test unreliable as an indicator of intoxication.  However, on *voir dire* examination, Catalona testified that he performed "more than the minimum" number of passes when administering the test on appellant.  In addition, the trial court indicated that it reviewed the videotape of

Catalona's performance of the test on appellant before overruling appellant's objection.[3] As the crux of the dispute over the horizontal gaze nystagmus test relates to the determination of the historical fact of whether Catalona performed the requisite number of passes on appellant for the test to be considered reliable, we will afford almost total deference to the trial court's determination. See Loserth v. State, 963 S.W.2d 770, 773 (Tex.Crim.App. 1998). The trial court was free to believe or disbelieve Catalona's testimony that he performed more than the minimum number of passes in administering the test on appellant and we will not disturb the trial court's determination that the horizontal gaze nystagmus test was administered in compliance with the standardized requirements for the test absent a showing of an abuse of discretion. See Ross, 32 S.W.3d at 858.

As to the walk and turn and one-leg stand tests, appellant contends that the ground upon which Catalona performed the tests was not level and that this invalidates the test results. Catalona testified that the surface upon which he administered these tests was reasonably flat. By way of further explanation, Catalona testified that, "I say it was reasonably flat because when we are standing out there I could not feel the weight of the slope. I could not feel my weight if I was standing on a flat surface." In addition, the trial court saw evidence of the slope of the ground upon which these tests were performed both in pictures offered by appellant and in the videotape of the performance of the FST. The

---

[3] Appellant's objection to the videotape was based on his motion to suppress, which was expressly limited to Catalona's reasonable suspicion to justify the stop. Appellant did not object to the admission of the videotape on any grounds relating to the administration of the FST.

crux of the dispute regarding the administration of these tests is the factual determination of whether the slope of the surface upon which these tests were administered were such "slight deviations" that the tests remained valid indicators of intoxication. As above, we will afford almost total deference to the trial court's factual determination. Loserth, 963 S.W.2d at 773. The trial court was free to believe or disbelieve Catalona's testimony that the walk and turn and one-leg stand were performed on a reasonably flat surface and we will not disturb the trial court's implicit determination that the slope was a slight deviation from the standard and did not invalidate the tests absent a showing of an abuse of discretion. See Ross, 32 S.W.3d at 858.

Because appellant has failed to establish that the trial court abused its discretion in overruling appellant's objection to the evidence of the FST, we overrule appellant's second issue.

Jury Instruction

By his third issue, appellant contends that the trial court erred in denying his request that an additional jury instruction be included in the jury charge. Appellant requested that the trial court include the following language in the charge:

> You are further instructed that you cannot convict the defendant in this case unless you believe from the evidence beyond a reasonable doubt that the defendant did operate a motor vehicle in a public place within the County of Williamson and State of Texas as alleged in the indictment or as alleged in the information and unless you further believe the evidence beyond a reasonable doubt that the defendant was intoxicated at the very time he is alleged to have operated said motor vehicle. And if you have reasonable doubt as to either of these two matters, you must resolve that doubt in favor of defendant and say by your verdict not guilty.

9

The State responds by highlighting where in the charge this same information is conveyed and argues that appellant failed to show how he was harmed by the trial court's denial of his request.

We note that the charge that was given to the jury instructed them that:

> If you believe from the evidence beyond a reasonable doubt that in the County of Williamson and State of Texas, on or about June 13, 2006, the Defendant Christopher Lee Simpson, Jr. did operate a motor vehicle in a public place while he was intoxicated, namely by not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body, you will find the Defendant "guilty" as charged, but if you do not so find, or if you have a reasonable doubt thereof, you will acquit the Defendant by a verdict of "not guilty."

Comparing this paragraph of the jury charge with the instruction requested by appellant reveals that the requested instruction was superfluous. The charge instructed the jury as to the elements of the offense, the presumption of innocence, the beyond a reasonable doubt standard, and properly applied the law to the facts in the application paragraph. As such, we cannot conclude that the trial court erred in denying appellant's requested instruction and we overrule appellant's third issue.

## Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.

10