02-10-045-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00045-CR

 

 


 
 
 Durant Dale Deramus
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM County Criminal Court No. 9
OF Tarrant COUNTY

------------

MEMORANDUM
OPINION[1]

----------

          In two points of error, Appellant Durant
Dale Deramus challenges the trial court’s ruling overruling
his motion to suppress.  Because we hold
that the police officer had reasonable suspicion to stop Deramus,
we will affirm the trial court’s judgment.

Background
Facts

          On the night of April 22, 2009,
Officer Darren Clark of the Westworth Village police department was patrolling
the 6500 block of Westworth Boulevard. 
Officer Clark was in the parking lot of an LA Fitness when he heard a
loud engine noise and saw “a vehicle coming through the intersection at a high
rate of speed.”  Officer Clark testified
that he estimated the vehicle was going about fifty miles an hour, but because it
was coming from the side of his patrol car, he was unable to verify the
vehicle’s speed with radar.

          Officer Clark pulled the vehicle over
and questioned Deramus, who was driving.  Officer Clark determined that, in his
opinion, Deramus was driving under the influence of
alcohol.  He arrested Deramus for driving
while intoxicated.  Deramus
filed a motion to suppress the stop and arrest, arguing that the stop was made
without probable cause or reasonable suspicion of criminal activity.

          After a hearing on Deramus’s motion to
suppress, the trial court denied the motion and orally
made findings of facts and conclusions of law. 
The court’s findings included that Officer Clark “saw a vehicle that,
based upon his generous amount of experience in viewing vehicles in that very
intersection, was traveling noticeably faster, in his opinion, above the posted
speed limit for that street, which was 40 miles an hour.”  Deramus appeals.

Standard of Review

          We review a trial court’s ruling on a
motion to suppress evidence under a bifurcated standard of review.  Amador v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997).  We give almost
total deference to a trial court’s rulings on questions of historical fact and
application-of-law-to-fact questions that turn on an evaluation of credibility
and demeanor, but we review de novo application-of-law-to-fact questions
that do not turn on credibility and demeanor. 
Amador, 221
S.W.3d at 673; Estrada v. State, 154
S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson
v. State, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

          When the trial court makes explicit
fact findings, we determine whether the evidence, when viewed in the light most
favorable to the trial court’s ruling, supports those fact findings.  State v. Kelly, 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006).  We
then review the trial court’s legal ruling de novo unless its explicit
fact findings that are supported by the record are also dispositive of the
legal ruling.  Id. at 818.  We must uphold the trial court’s ruling if it
is supported by the record and correct under any theory of law applicable to
the case even if the trial court gave the wrong reason for its ruling.  State
v. Stevens, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); Armendariz v. State, 123 S.W.3d 401, 404
(Tex. Crim. App. 2003), cert. denied,
541 U.S. 974 (2004).

Discussion

          In Deramus’s first point, he claims that
there was no evidence of the posted speed limit and therefore, that the trial court’s
finding that he was driving faster than the posted speed limit is unsupported
by the evidence.  Deramus
concedes that Officer Clark testified that “the vehicle was traveling at a
speed greater than the posted speed limit,” and that he was “familiar with what
a car traveling in that block looks like at 40 miles an hour, and this vehicle
was traveling at lot faster than that.”  Officer
Clark further testified that he estimated Deramus’s speed to be fifty miles an
hour.

          An officer conducts a lawful temporary
detention when he or she has reasonable suspicion to
believe that an individual is violating the law.  Crain
v. State, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010); Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  Reasonable suspicion exists when, based on
the totality of the circumstances, the officer has specific, articulable facts
that when combined with rational inferences from those facts, would lead him to
reasonably conclude that a particular person is, has been, or soon will be
engaged in criminal activity.  Ford, 158 S.W.3d at
492.  This is an objective standard
that disregards any subjective intent of the officer making the stop and looks
solely to whether an objective basis for the stop exists.  Id.

          An officer has probable cause to stop
and arrest a driver if he observes the driver commit a traffic offense.  State
v. Gray, 158 S.W.3d 465, 469 (Tex. Crim. App. 2005); see State v. Ballman, 157 S.W.3d 65, 70 (Tex. App.—Fort Worth 2004,
pet. ref’d). 
It is a traffic offense for a vehicle operator to “drive at a speed
greater than is reasonable and prudent under the circumstances then
existing.”  Tex.
Transp. Code Ann. § 545.351 (Vernon 1999).  A posted speed limit is prima facie evidence
that a speed greater than the posted limit is not reasonable and prudent and
that the speed is unlawful.  Id. § 545.352 (Vernon Supp.
2010).

          Officer Clark testified that Deramus was driving at a speed that exceeded the speed
limit.  He further supplied the court
with testimony concerning the context from which he derived that opinion when
he testified that he was “familiar with what a car traveling that block looks
like at 40 miles an hour” and that he had concluded Deramus
was driving at a speed greater than that. 
A reasonable inference from this testimony is that the posted speed
limit was forty miles an hour, and the trial court was allowed to rely on such
reasonable inferences.  See, e.g., Hooper v. State, 214 S.W.3d
9, 14 (Tex. Crim. App. 2007) (holding that direct evidence is not required
because factfinders are permitted to make reasonable
inferences from the evidence presented at trial).

          Furthermore, to support a traffic
stop, there need only be proof that the driver was traveling at a speed that
was greater than reasonable and prudent under the circumstances.  Tex. Transp. Code Ann.  § 545.351. 
Even if the trial court could not determine the posted speed limit where
Deramus was stopped, the stop was justified if Officer Clark had a reasonable
suspicion that Deramus was violating the transportation code by driving at a
speed that was neither reasonable nor prudent. 
See Stevens, 235 S.W.3d at 740 (noting that a reviewing court may
affirm a trial court’s decision if it is correct on any theory of law
applicable to the case and supported by the record).  Officer Clark had such a reasonable
suspicion.

          In his second point of error, Deramus
argues that merely estimating a vehicle’s speed based on experience and visual observation
cannot amount to reasonable suspicion to justify a traffic stop.  The only case that Deramus cites in support
of his argument actually supports the contention that an estimation that a
vehicle’s speed is above the speed limit may justify a traffic stop.  See
Icke v. State, 36 S.W.3d 913, 916 (Tex. App.—Houston [1st Dist.] 2001, pet.
ref’d) (holding that officer’s suspicion that defendant was speeding was
reasonable “considered alone or in combination with the radar”); see also Dillard v. State, 550 S.W.2d
45, 53 (Tex. Crim. App. 1977) (op. on reh’g) (disagreeing with defendant’s
argument that officer must know the exact speed at which the vehicle was traveling
to prove a speeding violation); Hesskew
v. Tex. Dep’t of Pub. Safety,
144 S.W.3d 189, 191 (Tex. App.—Tyler 2004, no pet.) (“When a
law enforcement officer observes a vehicle traveling what he believes to be
fifteen miles over the posted speed limit, a traffic stop is justified.”).  There is no statutory requirement that an
officer always use radar to confirm a vehicle’s speed, nor is it always
possible for an officer to do so.  Further, it is not necessary to show that
Deramus actually violated a traffic regulation. 
“It is sufficient to show that the officer reasonably believed that a
violation was in progress.”  Powell v. State, 5 S.W.3d
369, 376–77 (Tex. App.—Texarkana 1999, pet. ref’d).  We therefore hold that Officer Clark had a
reasonable suspicion that Deramus was committing a traffic offense based solely
on his visual observation of Deramus’s speed and his determination
that Deramus’s speed was not reasonable and prudent.  We overrule both of Deramus’s
points.

Conclusion

          Having overruled both of Deramus’s points, we affirm the trial court’s judgment.

 

 

LEE GABRIEL

JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
MEIER and GABRIEL, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 17, 2011











[1]See Tex. R. App. P. 47.4.