Opinion issued February 5, 2015



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-01028-CR

_____

**LESLE MARKLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 12**
**Harris County, Texas**
**Trial Court Case No. 1865367**

---

## MEMORANDUM OPINION

After the trial court denied her motion to suppress evidence, appellant, Lesle

Markle, with an agreed punishment recommendation from the State, pleaded guilty

to the offense of driving while intoxicated.[1]  In accordance with the plea agreement, the trial court sentenced appellant to 180 days in jail, suspended the sentence, placed her on community supervision for fifteen months, and assessed a fine of $500.  In her sole issue, appellant contends that the trial court erred in denying her motion to suppress evidence.

We affirm.

## Background

At a pretrial hearing on appellant's motion to suppress, Harris County Sheriff's Office Deputy E. Goodney testified that, while on patrol on December 1, 2012, at approximately 2:15 or 2:20 a.m., he saw appellant "[e]xcessive[ly] speed[ing]" and driving a car at 107 miles per hour ("mph") in a sixty-five mph zone on Beltway 8.  She subsequently slowed down to ninety-five mph, which Goodney determined by using his patrol car's radar device, along with a separate, independent GPS device.  Although Goodney also saw appellant "fail[ing] to maintain a single lane of travel" at least three times, he was not able to stop her immediately because there was not a safe place to do so.

Deputy Goodney subsequently pursued appellant to a toll booth, where she stopped her car for approximately two minutes.  Thereafter, appellant exited the Beltway, and Goodney activated the emergency lights on his patrol car in order to

---

[1]    *See* TEX. PENAL CODE ANN. § 49.04 (Vernon Supp. 2014).

2

make a traffic stop. Although appellant did not stop initially, even though Goodney instructed her to "place [her] vehicle in park," she eventually stopped her car in a private driveway. According to Goodney, he initiated the stop of appellant's car at the "[e]arliest" time when he "could conduct the traffic stop safely."

Deputy Goodney explained that he "pulled [appellant] over" because she was speeding, failed to maintain a single lane of travel, obstructed the roadway while at the toll booth, disregarded a traffic-control device, and failed to yield to an emergency vehicle.

**Standard of Review**

We review a trial court's denial of a motion to suppress evidence under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for an abuse of discretion and the trial court's application of the law to the facts de novo. *Id.* At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of the witnesses' credibility and may choose to believe or disbelieve all or any part of the witnesses' testimony. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). When, as here, a trial judge does not make explicit findings of fact, we review the evidence in a light most favorable to the trial court's ruling. *Walter v. State*, 28 S.W.3d 538,

540 (Tex. Crim. App. 2000). Almost total deference should be given to a trial court's implied findings, especially those based on an evaluation of witness credibility or demeanor. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We will sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.* at 447–48.

## Motion to Suppress Evidence

In her sole issue, appellant argues that the trial court erred in denying her motion to suppress evidence because Deputy Goodney had no "legal justification" to stop her car. She first asserts that the State "failed to make any showing that the radar device used to gauge [appellant's] speed was reliable or accurate, as necessary to justify a stop on th[e] basis [of speeding]."

A "stop" by a law enforcement officer "amounts to a sufficient intrusion on an individual's privacy to implicate the Fourth Amendment's protections." *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). However, a law enforcement officer may stop and briefly detain a person suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968); *Carmouche*, 10 S.W.3d at 328. In order to stop or briefly detain an individual, an officer must be able to articulate something more than an "inchoate and unparticularized suspicion or 'hunch.'" *Terry*, 392 U.S. at 27, 88 S. Ct. at 1883. Instead, an officer must have

4

"reasonable suspicion" that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); *see also Doyle v. State*, 265 S.W.3d 28, 31 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) ("An officer may stop a driver if he has reasonable suspicion that a traffic violation was in progress or had been committed."). Reasonable suspicion exists when the officer has some minimal level of objective justification for making the stop; in other words, when the officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant th[e] intrusion." *Terry*, 392 U.S. at 21, 88 S. Ct. at 1880; *see also Alabama v. White*, 496 U.S. 325, 329–30, 110 S. Ct. 2412, 2416 (1990). We disregard the subjective belief of the officer in our reasonable suspicion analysis and consider the totality of the circumstances objectively. *Ford*, 158 S.W.3d at 492–93.

It is well-established that an officer may lawfully stop an individual for a traffic violation. *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000). And driving a motor vehicle at a speed in excess of a posted speed limit constitutes prima facie evidence that the driving speed is not reasonable and prudent and is unlawful. TEX. TRANSP. CODE ANN. § 545.352(a) (Vernon Supp. 2014); *see also id.* § 545.351(a) (Vernon 2011) (speeding constitutes violation of Texas Transportation Code).

5

Here, Deputy Goodney testified that he initiated the traffic stop of appellant after he saw her driving her car at an "[e]xcessive speed," 107 mph in a sixty-five mph zone. After his initial encounter with appellant, she slowed down to ninety-five mph, which Goodney confirmed by using his patrol car's radar device and a separate, independent GPS device.

In support of her argument that the speeding violation may not be used to justify Deputy Goodney's traffic stop because the State did not make "any showing that the radar device used to gauge [appellant's] speed was reliable or accurate," appellant relies on *Hall v. State*, 297 S.W.3d 294 (Tex. Crim. App. 2009). In *Hall*, the defendant argued that "the arresting officer lacked probable cause because the State failed to prove the reliability of the LIDAR device which the officer used to determine [the defendant] was speeding." *Hall v. State*, 264 S.W.3d 346, 348 (Tex. App.—Waco 2008), *aff'd but criticized*, 297 S.W.3d 294 (Tex. Crim. App. 2009). The Texas Court of Criminal Appeals agreed and concluded that the trial court erred in denying the defendant's suppression motion, holding that "the State failed to establish that [the law enforcement officer], who relied solely on LIDAR technology to conclude that [the defendant] was speeding, had probable cause to stop [the defendant]." *Hall*, 297 S.W.3d at 298.

Appellant's reliance on *Hall* misplaced. We note that the court of criminal appeals limited its holding to the facts of that particular case, and the LIDAR

technology at issue in *Hall* is markedly different from the radar technology utilized by Deputy Goodney in the present case. *See id.* ("Our holding today is limited to the facts of this case."); *Hall*, 264 S.W.3d at 349–50 & n.1 (differentiating between technologies). Further, the court repeatedly emphasized in reaching its decision in *Hall* that the law enforcement officer "relied solely on LIDAR technology" in making his determination that the defendant was speeding. *Hall*, 297 S.W.3d at 298.

In contrast, here, Deputy Goodney testified that he personally saw appellant traveling at an "[e]xcessive speed," 107 mph in a sixty-five mph zone. He then "paced" appellant driving ninety-five mph, using his patrol car's radar device and a separate, independent GPS device. In other words, Goodney did not develop his reasonable suspicion that appellant had committed a traffic violation based solely on his patrol car's radar device.

Deputy Goodney's observation of appellant's speeding was alone sufficient to justify the traffic stop. *See Icke v. State*, 36 S.W.3d 913, 915–16 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd); *see also Dillard v. State*, 550 S.W.2d 45, 53 (Tex. Crim. App. 1977) (holding officer had reasonable suspicion defendant speeding based on his testimony defendant "seemed to be travelling at an exceptionally high rate of speed" (internal quotations omitted)); *McAfee v. State*, 204 S.W.3d 868, 870 (Tex. App.—Corpus Christi 2006, pet. ref'd) (holding

officer's visual observation provided reasonable suspicion defendant speeding); *Hesskew v. Tex. Dep't of Pub. Safety*, 144 S.W.3d 189, 191 (Tex. App.—Tyler 2004, no pet.) ("When a law enforcement officer observes a vehicle traveling what he believes to be fifteen miles over the posted speed limit, a traffic stop is justified."). And the evidence supports the trial court's implied finding that Goodney had reasonable suspicion to stop appellant for violating the law.[2]

Accordingly, we hold that the trial court did not err in denying appellant's motion to suppress evidence.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2]     Having concluded that Deputy Goodney had reasonable suspicion that appellant was speeding, it is not necessary for us to address the evidence concerning the other traffic violations challenged by appellant. *See Hesskew v. Tex. Dep't of Pub. Safety*, 144 S.W.3d 189, 192 (Tex. App.—Tyler 2004, no pet.).