PD-0287-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/22/2015 4:31:08 PM
Accepted 4/23/2015 10:14:22 AM
ABEL ACOSTA
CLERK

### No. PD-0287-15

## TO THE COURT OF CRIMINAL APPEALS OF TEXAS

**LESLE MARKLE**
*Appellant*

v.

**THE STATE OF TEXAS,**
*Appellee*

_____

### PETITION FOR DISCRETIONARY REVIEW
_____

On Petition For Discretionary Review from the First Court of Appeals Cause No. 01-13-01028-CR, affirming the judgment in Cause No. 1865367 from the County Criminal Court No. 12 of Harris County, Texas.

_____

FILED IN
COURT OF CRIMINAL APPEALS

April 23, 2015

ABEL ACOSTA, CLERK

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

**SARAH V. WOOD**
Assistant Public Defender
Harris County, Texas
Texas Bar Number 24048898
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278
Sarah.Wood@pdo.hctx.net

**Counsel for Appellant**

**IDENTITY OF PARTIES AND COUNSEL**

APPELLANT:                              Lesle Markle

DEFENSE COUNSEL ON APPEAL:              Sarah V. Wood
                                        Assistant Public Defender
                                        Harris County, Texas
                                        1201 Franklin, 13th Floor
                                        Houston, Texas 77002

TRIAL PROSECUTOR:                       Abigail Anastasio
                                        Assistant District Attorney
                                        Harris County, Texas
                                        1201 Franklin, 6th Floor
                                        Houston, Texas 77002

DEFENSE COUNSEL AT TRIAL:               Gus Saper
                                        600 Travis Street, Suite 1900
                                        Houston, Texas 77002

PRESIDING JUDGE:                        Hon. Shelly Hancock, Presiding
                                        County Criminal Court No. 12
                                        Harris County, Texas
                                        1201 Franklin, 8th Floor
                                        Houston, Texas 77002

# TABLE OF CONTENTS

Identity of Parties and Counsel...................................................................... ii

Table of Contents ...................................................................................... iii

Index of Authorities .................................................................................. iv

Statement Regarding Oral Argument............................................................ v

Statement of the Case................................................................................ v

Statement of Procedural History ................................................................ v

Grounds For Review.................................................................................. v

Argument.................................................................................................. 1

    Reasons for Review ............................................................................... 1

    Factual Background............................................................................... 1

    Reliability of Radar Device .................................................................... 2

Prayer for Relief........................................................................................ 5

Certificate of Service and Compliance......................................................... 5

Appendix ................................................................................................. 6

# INDEX OF AUTHORITIES

**Cases**

*Hall v. State*, 297 S.W.3d 294 (Tex. Crim. App. 2009) .......................................................... 4

*Mills v. State*, 99 S.W.3d 200 (Tex. App.—Fort Worth 2002, pet. ref'd) ............................ 2

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument as it may aid the Court in its analysis of the issues.

## STATEMENT OF THE CASE

Lesle Markle was charged by information with driving while intoxicated on December 1, 2012 (C.R. at 6). Defense counsel filed a written motion to suppress which, after a hearing with testimony, was denied by the trial court (C.R. at 36). Ms. Markle then pled guilty on November 4, 2013, and was sentenced to fifteen months of probation. (C.R. at 44). This appeal concerns the motion to suppress.

## STATEMENT OF PROCEDURAL HISTORY

The First Court of Appeals affirmed the trial court's judgment in an unpublished opinion. *Markle v. State,* 01-13-01028-CR, 2015 WL 505194 (Tex. App.— Houston [1st Dist.] Feb. 5, 2015). No motion for rehearing was filed.

## GROUNDS FOR REVIEW

When radar technology is used, but no evidence is presented as to the reliability of the device itself, can the State meet its burden to justify the appellant's detention for speeding?

v

## Reasons for Review

In *Hall v. State*, this Court determined that it was necessary to show that the use of LIDAR technology is reliable in order to establish probable cause to stop someone for speeding. *Hall v. State*, 297 S.W.3d 294, 297 (Tex. Crim. App. 2009). While this Court did distinguish the necessary showing from that required for admissibility at trial under the Rules of Evidence, it declined to elaborate upon the weight of the State's burden at a suppression hearing. This case would provide an opportunity to flesh out and further specify the amount of evidence that is necessary to show the reliability of technological devices used to develop probable cause.

## Factual Background

Ms. Markle was driving on Beltway 8 in Houston one night when she was pulled over and arrested for DWI. The arresting deputy testified inconsistently at a motion to suppress regarding his reasons for detaining her. He first testified that he noticed her car when the radar machine in his vehicle indicated she was going 95 mph (R.R. at 6, 40). But then he testified that he thought she was actually travelling 107 mph (R.R. at 6). However, in his offense report he wrote 95 mph, but then when he finally pulled over Ms. Markle, he told her it was 90 mph (R.R. at 33-34). Moreover, the deputy did not initiate a detention until he had followed her car for seven minutes, during which time everything was recorded on video.

The deputy gave several reasons for eventually deciding to pull over Ms. Markle, each of which is discredited in the appellant's original brief to the court of appeals. However, since the court's opinion only addressed the speeding, it is unnecessary to discuss any other details of this case.

**Radar Reliability**

The deputy in this case relied upon technological devices to determine appellant's speed. As this Court determined in *Hall v. State*, even though the rules of evidence do not apply at a motion to suppress, the State is still required to show that the evidence used to justify a detention is reliable. *Hall v. State*, 297 S.W.3d 294, 297 (Tex. Crim. App. 2009).

The court of appeals declined to apply the reasoning of *Hall* to this case because *Hall* dealt with the reliability of LIDAR and this case deals with radar. While it is true that the underling scientific principles of radar technology has been accepted as a matter of law, the testimony in this case does not provide enough information to simply rest on what we already know of radar. *See Mills v. State*, 99 S.W.3d 200, 202 (Tex. App.—Fort Worth 2002, pet. ref'd). The general principle of radar technology may be valid, but without any information about the device itself, it is impossible to determine whether it was reliable as applied in this instance. Just as in *Hall*, the State failed to show a reliable basis for the appellant's speed due to a dearth of information regarding the device.

The deputy never testified regarding what type of radar device he used; he was

inconsistent as to the readings he observed on the device, and in fact never mentioned the device in his offense report. (R.R. at 6, 22-23). He also stated that he had "no idea" how often the device was serviced and that he did not "normally pay attention" to any servicing of the device.

Additionally, the court of appeals erroneously described additional independent bases for determining the car's speed. The court wrote that the deputy "testified that he personally saw appellant traveling at an '[e]xcessive speed,' 107 mph in a sixty-five mph zone." *Markle*, at 3. However, he never gave any indication that he could actually tell she was speeding just from looking at her car. The deputy was driving around with his radar running continuously on his dash. (R.R. at 40). He testified:

Q. And what drew your attention to her?

A. Excessive speed.

Q. How fast was she going?

A. I paced her at 95 miles per hour in a posted 65 mile-an-hour zone.

Q. Was she actually going the 95?

A. Yeah, she slowed down to the 95. She was—I believe when I first came in contact with her she was traveling 107.

Q. How did you pace her?

A. By using the radar mounted in my vehicle and along with GPS.

(R.R. at 6). Therefore the deputy did not testify that he determined she was speeding

3

based on his personal observations and unassisted by any devices. While the deputy did testify that he also calculated the vehicle's speed using "GPS," the record contains no description of the device, how it worked, or whether it was reliable. In *Hall*, Judge Price explained in his concurrence:

> Suppose [the officer] had testified that he believed the appellant was speeding only because a blue cube on [the officer's] dashboard had indicated so. Without knowing any more about the blue cube, a rational fact finder (here, the trial court as arbiter of pre-trial suppression issues) would have no way to conclude that [the officer's] belief was a reasonable one. Neither common sense nor common experience informs the fact finder that a blue cube is capable of accurately gauging the speed of an automobile.

*Hall*, 297 S.W.3d at 300. Likewise, without any significant description of the technological devices relied upon to justify the appellant's detention, the evidence is insufficient to establish that the appellant had been speeding.

.

## PRAYER FOR RELIEF

For the reasons stated above, the Appellant prays that this Court grant her petition, review the case, and hold that the Court of Appeals erred by affirming the trial court's denial of the motion to suppress.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas

**/s/ Sarah V. Wood**
**SARAH V. WOOD**
Assistant Public Defender
Harris County Texas
1201 Franklin, 13th Floor
Houston Texas 77002
(713) 368-0016 (phone)
(713) 368-9278 (fax)
State Bar Number 24048898

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that a copy of the foregoing petition for discretionary review has been served on the District Attorney of Harris County, Texas, by the efile service and to the State Prosecuting Attorney and that this petition has 1,070 words according to the computer program used to draft it.

**/s/ Sarah V. Wood**
**SARAH V. WOOD**

5

# APPENDIX

2015 WL 505194
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION AND SIGNING OF OPINIONS.

MEMORANDUM OPINION
DO NOT PUBLISH. TEX. R. APP. P. 47.2(B).
Court of Appeals of Texas,
Houston (1st Dist.

Lesle Markle, Appellant
v.
The State of Texas, Appellee

NO. 01–13–01028–CR | Opinion issued February 5, 2015

**Attorneys and Law Firms**

On Appeal from the County Criminal Court at Law No. 12, Harris County, Texas, Trial Court Case No. 1865367

Sarah V. Wood, for Appellant.

Devon Anderson, Alan Curry, for State of Texas.

Panel consists of Justices Jennings, Massengale, and Lloyd.

**MEMORANDUM OPINION**

Terry Jennings, Justice

**\*1** After the trial court denied her motion to suppress evidence, appellant, Lesle Markle, with an agreed punishment recommendation from the State, pleaded guilty to the offense of driving while intoxicated.[1] In accordance with the plea agreement, the trial court sentenced appellant to 180 days in jail, suspended the sentence, placed her on community supervision for fifteen months, and assessed a fine of $500. In her sole issue, appellant contends that the trial court erred in denying her motion to suppress evidence.

We affirm.

**Background**

At a pretrial hearing on appellant's motion to suppress, Harris County Sheriff's Office Deputy E. Goodney testified that, while on patrol on December 1, 2012, at approximately 2:15 or 2:20 a.m., he saw appellant "[e]xcessive[ly] speed[ing]" and driving a car at 107 miles per hour ("mph") in a sixty-five mph zone on Beltway 8. She subsequently slowed down to ninety-five mph, which Goodney determined by using his patrol car's radar device, along with a separate, independent GPS device. Although Goodney also saw appellant "fail [ing] to maintain a

6

single lane of travel" at least three times, he was not able to stop her immediately because there was not a safe place to do so.

Deputy Goodney subsequently pursued appellant to a toll booth, where she stopped her car for approximately two minutes. Thereafter, appellant exited the Beltway, and Goodney activated the emergency lights on his patrol car in order to make a traffic stop. Although appellant did not stop initially, even though Goodney instructed her to "place [her] vehicle in park," she eventually stopped her car in a private driveway. According to Goodney, he initiated the stop of appellant's car at the "[e]arliest" time when he "could conduct the traffic stop safely."

Deputy Goodney explained that he "pulled [appellant] over" because she was speeding, failed to maintain a single lane of travel, obstructed the roadway while at the toll booth, disregarded a traffic-control device, and failed to yield to an emergency vehicle.

## Standard of Review

We review a trial court's denial of a motion to suppress evidence under a bifurcated standard of review. *Turrubiate v. State,* 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for an abuse of discretion and the trial court's application of the law to the facts de novo. *Id.* At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of the witnesses' credibility and may choose to believe or disbelieve all or any part of the witnesses' testimony. *Maxwell v. State,* 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *State v. Ross,* 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). When, as here, a trial judge does not make explicit findings of fact, we review the evidence in a light most favorable to the trial court's ruling. *Walter v. State,* 28 S.W.3d 538, 540 (Tex. Crim. App. 2000). Almost total deference should be given to a trial court's implied findings, especially those based on an evaluation of witness credibility or demeanor. *Valtierra v. State,* 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We will sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.* at 447–48.

## Motion to Suppress Evidence

**\*2** In her sole issue, appellant argues that the trial court erred in denying her motion to suppress evidence because Deputy Goodney had no "legal justification" to stop her car. She first asserts that the State "failed to make any showing that the radar device used to gauge [appellant's] speed was reliable or accurate, as necessary to justify a stop on th[e] basis [of speeding]."

A "stop" by a law enforcement officer "amounts to a sufficient intrusion on an individual's privacy to implicate the Fourth Amendment's protections." *Carmouche v. State,* 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). However, a law enforcement officer may stop and briefly detain a person suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880 (1968); *Carmouche,* 10 S.W.3d at 328. In order to stop or briefly detain an individual, an officer must be able to articulate something more than an "inchoate and unparticularized suspicion or 'hunch.' " *Terry,* 392 U.S. at 27, 88 S.Ct. at 1883. Instead, an officer must have "reasonable suspicion" that an individual is violating the law. *Ford v. State,* 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); *see also Doyle v. State,* 265 S.W.3d 28, 31 (Tex. App.–Houston [1st Dist.] 2008, pet. ref'd) ("An officer may stop a driver if he has reasonable suspicion that a traffic violation was in progress or had been committed."). Reasonable suspicion exists when the officer has some minimal level of objective justification for making the stop; in other words, when the officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant th[e] intrusion." *Terry,* 392 U.S. at 21, 88 S.Ct. at 1880; *see also Alabama v. White,* 496 U.S. 325, 329–30, 110 S.Ct. 2412, 2416 (1990). We disregard the subjective belief of the officer in our reasonable suspicion analysis and consider the totality of the circumstances objectively. *Ford,* 158 S.W.3d at 492–93.

It is well-established that an officer may lawfully stop an individual for a traffic violation. *Walter v. State,* 28

7

S.W.3d 538, 542 (Tex. Crim. App. 2000). And driving a motor vehicle at a speed in excess of a posted speed limit constitutes prima facie evidence that the driving speed is not reasonable and prudent and is unlawful. TEX. TRANSP. CODE ANN. § 545.352(a) (Vernon Supp. 2014); *see also id.* § 545.351(a) (Vernon 2011) (speeding constitutes violation of Texas Transportation Code).

Here, Deputy Goodney testified that he initiated the traffic stop of appellant after he saw her driving her car at an "[e]xcessive speed," 107 mph in a sixty-five mph zone. After his initial encounter with appellant, she slowed down to ninety-five mph, which Goodney confirmed by using his patrol car's radar device and a separate, independent GPS device.

In support of her argument that the speeding violation may not be used to justify Deputy Goodney's traffic stop because the State did not make "any showing that the radar device used to gauge [appellant's] speed was reliable or accurate," appellant relies on *Hall v. State,* 297 S.W.3d 294 (Tex. Crim. App. 2009). In *Hall,* the defendant argued that "the arresting officer lacked probable cause because the State failed to prove the reliability of the LIDAR device which the officer used to determine [the defendant] was speeding." *Hall v. State,* 264 S.W.3d 346, 348 (Tex. App.–Waco 2008), *aff'd but criticized,* 297 S.W.3d 294 (Tex. Crim. App. 2009). The Texas Court of Criminal Appeals agreed and concluded that the trial court erred in denying the defendant's suppression motion, holding that "the State failed to establish that [the law enforcement officer], who relied solely on LIDAR technology to conclude that [the defendant] was speeding, had probable cause to stop [the defendant]." *Hall,* 297 S.W.3d at 298.

**\*3** Appellant's reliance on *Hall* misplaced. We note that the court of criminal appeals limited its holding to the facts of that particular case, and the LIDAR technology at issue in *Hall* is markedly different from the radar technology utilized by Deputy Goodney in the present case. *See id.* ("Our holding today is limited to the facts of this case."); *Hall,* 264 S.W.3d at 349–50 & n.1 (differentiating between technologies). Further, the court repeatedly emphasized in reaching its decision in *Hall* that the law enforcement officer "relied solely on LIDAR technology" in making his determination that the defendant was speeding. *Hall,* 297 S.W.3d at 298.

In contrast, here, Deputy Goodney testified that he personally saw appellant traveling at an "[e]xcessive speed," 107 mph in a sixty-five mph zone. He then "paced" appellant driving ninety-five mph, using his patrol car's radar device and a separate, independent GPS device. In other words, Goodney did not develop his reasonable suspicion that appellant had committed a traffic violation based solely on his patrol car's radar device.

Deputy Goodney's observation of appellant's speeding was alone sufficient to justify the traffic stop. *See Icke v. State,* 36 S.W.3d 913, 915–16 (Tex. App.–Houston [1st Dist.] 2001, pet. ref'd); *see also Dillard v. State,* 550 S.W.2d 45, 53 (Tex. Crim. App. 1977) (holding officer had reasonable suspicion defendant speeding based on his testimony defendant "seemed to be travelling at an exceptionally high rate of speed" (internal quotations omitted)); *McAfee v. State,* 204 S.W.3d 868, 870 (Tex. App.–Corpus Christi 2006, pet. ref'd) (holding officer's visual observation provided reasonable suspicion defendant speeding); *Hesskew v. Tex. Dep't of Pub. Safety,* 144 S.W.3d 189, 191 (Tex. App.–Tyler 2004, no pet.) ("When a law enforcement officer observes a vehicle traveling what he believes to be fifteen miles over the posted speed limit, a traffic stop is justified."). And the evidence supports the trial court's implied finding that Goodney had reasonable suspicion to stop appellant for violating the law.[2]

Accordingly, we hold that the trial court did not err in denying appellant's motion to suppress evidence.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Footnotes

[1]    *See* TEX. PENAL CODE ANN. § 49.04 (Vernon Supp. 2014).

[2]    Having concluded that Deputy Goodney had reasonable suspicion that appellant was speeding, it is not necessary for us to address the evidence concerning the other traffic violations challenged by appellant. *See Hesskew v. Tex. Dep't of Pub. Safety,* 144 S.W.3d 189, 192 (Tex. App.–Tyler 2004, no pet.).

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.