

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00045-CR

DURANT DALE DERAMUS                                              APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

In two points of error, Appellant Durant Dale Deramus challenges the trial court's ruling overruling his motion to suppress. Because we hold that the police officer had reasonable suspicion to stop Deramus, we will affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

**Background Facts**

On the night of April 22, 2009, Officer Darren Clark of the Westworth Village police department was patrolling the 6500 block of Westworth Boulevard. Officer Clark was in the parking lot of an LA Fitness when he heard a loud engine noise and saw "a vehicle coming through the intersection at a high rate of speed." Officer Clark testified that he estimated the vehicle was going about fifty miles an hour, but because it was coming from the side of his patrol car, he was unable to verify the vehicle's speed with radar.

Officer Clark pulled the vehicle over and questioned Deramus, who was driving. Officer Clark determined that, in his opinion, Deramus was driving under the influence of alcohol. He arrested Deramus for driving while intoxicated. Deramus filed a motion to suppress the stop and arrest, arguing that the stop was made without probable cause or reasonable suspicion of criminal activity.

After a hearing on Deramus's motion to suppress, the trial court denied the motion and orally made findings of facts and conclusions of law. The court's findings included that Officer Clark "saw a vehicle that, based upon his generous amount of experience in viewing vehicles in that very intersection, was traveling noticeably faster, in his opinion, above the posted speed limit for that street, which was 40 miles an hour." Deramus appeals.

**Standard of Review**

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical

fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *State v. Kelly,* 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006). We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 818. We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

**Discussion**

In Deramus's first point, he claims that there was no evidence of the posted speed limit and therefore, that the trial court's finding that he was driving faster than the posted speed limit is unsupported by the evidence. Deramus concedes that Officer Clark testified that "the vehicle was traveling at a speed greater than the posted speed limit," and that he was "familiar with what a car traveling in that block looks like at 40 miles an hour, and this vehicle was

3

traveling at lot faster than that." Officer Clark further testified that he estimated Deramus's speed to be fifty miles an hour.

An officer conducts a lawful temporary detention when he or she has reasonable suspicion to believe that an individual is violating the law. *Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Ford*, 158 S.W.3d at 492. This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id.*

An officer has probable cause to stop and arrest a driver if he observes the driver commit a traffic offense. *State v. Gray*, 158 S.W.3d 465, 469 (Tex. Crim. App. 2005); *see State v. Ballman*, 157 S.W.3d 65, 70 (Tex. App.—Fort Worth 2004, pet. ref'd). It is a traffic offense for a vehicle operator to "drive at a speed greater than is reasonable and prudent under the circumstances then existing." Tex. Transp. Code Ann. § 545.351 (Vernon 1999). A posted speed limit is prima facie evidence that a speed greater than the posted limit is not reasonable and prudent and that the speed is unlawful. *Id*. § 545.352 (Vernon Supp. 2010).

Officer Clark testified that Deramus was driving at a speed that exceeded the speed limit. He further supplied the court with testimony concerning the

4

context from which he derived that opinion when he testified that he was "familiar with what a car traveling that block looks like at 40 miles an hour" and that he had concluded Deramus was driving at a speed greater than that. A reasonable inference from this testimony is that the posted speed limit was forty miles an hour, and the trial court was allowed to rely on such reasonable inferences. *See, e.g., Hooper v. State*, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007) (holding that direct evidence is not required because factfinders are permitted to make reasonable inferences from the evidence presented at trial).

Furthermore, to support a traffic stop, there need only be proof that the driver was traveling at a speed that was greater than reasonable and prudent under the circumstances. Tex. Transp. Code Ann. § 545.351. Even if the trial court could not determine the posted speed limit where Deramus was stopped, the stop was justified if Officer Clark had a reasonable suspicion that Deramus was violating the transportation code by driving at a speed that was neither reasonable nor prudent. *See Stevens*, 235 S.W.3d at 740 (noting that a reviewing court may affirm a trial court's decision if it is correct on any theory of law applicable to the case and supported by the record). Officer Clark had such a reasonable suspicion.

In his second point of error, Deramus argues that merely estimating a vehicle's speed based on experience and visual observation cannot amount to reasonable suspicion to justify a traffic stop. The only case that Deramus cites in support of his argument actually supports the contention that an estimation that a

5

vehicle's speed is above the speed limit may justify a traffic stop. *See Icke v. State*, 36 S.W.3d 913, 916 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (holding that officer's suspicion that defendant was speeding was reasonable "considered alone or in combination with the radar"); *see also Dillard v. State*, 550 S.W.2d 45, 53 (Tex. Crim. App. 1977) (op. on reh'g) (disagreeing with defendant's argument that officer must know the exact speed at which the vehicle was traveling to prove a speeding violation); *Hesskew v. Tex. Dep't of Pub. Safety*, 144 S.W.3d 189, 191 (Tex. App.—Tyler 2004, no pet.) ("When a law enforcement officer observes a vehicle traveling what he believes to be fifteen miles over the posted speed limit, a traffic stop is justified."). There is no statutory requirement that an officer always use radar to confirm a vehicle's speed, nor is it always possible for an officer to do so. Further, it is not necessary to show that Deramus actually violated a traffic regulation. "It is sufficient to show that the officer reasonably believed that a violation was in progress." *Powell v. State*, 5 S.W.3d 369, 376–77 (Tex. App.—Texarkana 1999, pet. ref'd). We therefore hold that Officer Clark had a reasonable suspicion that Deramus was committing a traffic offense based solely on his visual observation of Deramus's speed and his determination that Deramus's speed was not reasonable and prudent. We overrule both of Deramus's points.

## Conclusion

Having overruled both of Deramus's points, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 17, 2011