**The STATE of Texas, Appellant,**

v.

**Julie Anne BINGHAM, Appellee.**

**No. 10–95–195–CR.**

Court of Appeals of Texas,
Waco.

April 24, 1996.

Discretionary Review Refused
June 26, 1996.

James M. Kuboviak, County Attorney, Spencer R. Giles, Asst. County Attorney, Bryan, for appellant.

Jim W. James, Law Office of Jim W. James, Bryan, for appellee.

Before FRANK G. McDONALD, C.J. (Retired), and CUMMINGS and VANCE, JJ.

## OPINION

FRANK G. McDONALD, Chief Justice (Retired).

This is an appeal by the State from an order of the trial court granting a motion to suppress the results of a test of Appellee's blood in a driving while intoxicated case.

Appellee Bingham was charged with DWI alleged to have occurred on February 4, 1993. The trial court held a hearing on May 30, 1993, on Appellee's motion to suppress the results of a test of Appellee's blood for alcohol content, and granted such motion.

The State appeals on one point of error:

The trial court erred in granting Appellee's motion to suppress the results of a blood test by abusing its discretion in finding that a trained and qualified hospital-employed phlebotomist was not a *"qualified technician"* for purposes of Vernon's Annotated Civil Statutes Art. 6701*l*–5, § 3(c).

The foregoing statute provides:

When a person gives a specimen of blood at the request or order of a police officer under this act, only a physician, *qualified technician,* chemist, registered professional nurse, or licensed vocational nurse may withdraw a blood specimen for the purpose of determining the alcohol concentration or presence of a controlled substance, drug, dangerous drug, or other substance therein. For purposes of this subsection *"qualified technician"* does not include emergency medical personnel.

Following a lawful arrest and voluntary consent to the taking of her blood for analysis, Officer Mason took Appellee to the Brazos Valley Medical Center to have a blood test done. Tamara Alvarado drew the blood. The blood tested .17. Appellee filed her motion to suppress prior to trial. After a hearing, the trial judge granted the motion to suppress the blood test results, finding "that in this case a *qualified technician* has not drawn the blood."

The issue is whether, under this record, Ms. Alvarado was a *qualified technician* within the meaning of the cited statute.

When an appellate court reviews the findings of fact of a trial court on a motion to suppress it must decide if the finding is supported by the facts, or whether the trial court improperly applied the law to the facts. *Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim.App.1990).

Ms. Alvarado testified that: She drew the blood; she was employed in February 1993 at the Brazos Valley Medical Center; she was a phlebotomist; her official job title was "phlebotomist"; she went to school four months at Blinn College to become a phlebotomist; all she does is "draw blood"; this is the job she was hired to do; her training at Blinn College involved the study of anatomy, tests associated with phlebotomy, the kind of tubes to draw each thing; having to have so many sticks, capillary sticks; and then "we take a test; when we pass the test we get a certificate; we did 25 finger sticks and 100 veinous sticks"; she went to work for the hospital when she graduated from the course at Blinn College. Ms. Alvarado further testified that: She now works for Bryan Medical Lab as a phlebotomist; she was qualified to be a phlebotomist for the hospital; she thought she was a phlebotomy technician; she is not a medical technician; before she drew Appellee's blood she put iodine on her arm because "we're not supposed to use alcohol"; she is under the supervision of doctors; there is always at least one doctor there, she was working under the direction of a doctor that night, and there were nurses present and if she had a problem she could have called a doctor.

Mrs. Teresa McCleary testified that: She is a medical technologist at Brazos Valley Medical Center primarily responsible for hematology which is the study of blood; she was the person who hired Ms. Alvarado for Brazos Valley Medical Center; she first knew Ms. Alvarado when she was taking the phlebotomy course at Blinn College and was doing her clinical rotations at Brazos Valley, St. Joseph's and Scott and White; Ms. Alvarado was one of the outstanding students; Brazos Valley requires a phlebotomist to

have finished a formal course such as offered by Blinn, or have one year full-time experience, and Ms. Alvarado had both; Brazos Valley is a sanitary hospital and fully-accredited by the American Hospital Association; she supervised Ms. Alvarado and Ms. Alvarado met all the qualifications required by Brazos Valley to be a phlebotomist; Ms. Alvarado did not do any blood testing; there is no state license for a phlebotomist; and, as Ms. Alvarado's supervisor, she considers her to be qualified for the purpose of drawing blood.

*Williams & Watkins, Stedman's Medical Dictionary* (26th Ed.1995), page 1350, defines a phlebotomist as "an individual trained and skilled in phlebotomy;" and defines phlebotomy as "incision into a vein for the purpose of drawing blood."

If a technical term is not defined in a statute, courts have interpreted the statute in the light of the testimony of witnesses familiar with the particular art, science or trade. *Fry Roofing Co. v. State,* 541 S.W.2d 639, 642–44 (Tex.Civ.App.—Dallas 1976, no writ).

■ The common-sense interpretation of the term "qualified technician," as used in Article 6701*l*–5, § 3(c), must include a phlebotomist who a hospital or other medical facility has determined to be qualified in the technical job of venesection or phlebotomy, *i.e.,* the drawing of blood.

We think the court erroneously applied the law to the facts. *Romero v. State, supra.* We think Ms. Alvarado, a phlebotomist, under this record, was a *qualified technician* to draw blood within the meaning of the cited statute.

Point one is sustained. The cause is reversed and remanded to the trial court.