

**NUMBER 13-12-00220-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

GRAVIEL MOLINA,                                                          **Appellant,**

**v.**

THE STATE OF TEXAS,                                                     **Appellee.**

---

**On appeal from the County Court at Law No. 2
of Victoria County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant Graviel Molina appeals his conviction for the offense of driving while

intoxicated – second offense[1], a Class A Misdemeanor. *See* TEX. PENAL. CODE ANN.

§§ 49.01–.09 (West 2011).   The jury found appellant guilty and assessed punishment at

---

[1] Appellant stipulated to two prior offenses:   a 1978 conviction for the offense of operating a motor vehicle while intoxicated, and a 1985 conviction for the offense of driving while intoxicated.

one year imprisonment in the county jail and a $2,000 fine. Appellant's sole issue asserts that the trial court erred by denying appellant's jury charge instruction request regarding who is a "qualified technician." TEX. TRANSP. CODE ANN. § 724.017 (West 2011). We affirm.

## I.   BACKGROUND[2]

Appellant drove his truck out of a restaurant parking lot and into a drainage ditch. Victoria, Texas police officers responded. According to the police officers, appellant smelled of alcohol, had bloodshot eyes with a glassy film over them, was swaying, and was having difficulty maintaining his balance. Appellant admitted he was drinking, but refused to perform field sobriety tests. The police officer arrested appellant for driving while intoxicated, and determined he qualified for a mandatory blood draw.[3] TEX. TRANSP. CODE ANN. § 724.011 (West 2011).

Deborah Orsak was the Citizens Medical Center phlebotomist who collected appellant's blood sample. She testified that she had been a phlebotomist for over thirty years, working for the South Texas Blood Bank for ten years and for Citizens Medical Center for twenty years. She did not have a formal certification, but learned her practice through on–the–job training. Orsak stated she performed over thirty blood draws a night while she was working at Citizens Medical Center. She described the process she used to take the blood sample and identified appellant's blood sample kit.

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[3] The police officer's patrol car had an in-car video recorder. A portion of the video of the police officer's interaction with appellant was played to the jury.

On cross-examination, Orsak was asked about a blood preservative. She answered, "I don't know for sure, I am not a tech." When appellant's trial counsel further inquired about the process of analyzing blood, she again said, "I am not a tech so I am not really sure on all the specifics." Orsak later explained that the "techs" are the people who "run all the tests on the blood."

During the jury charge conference, appellant's counsel objected that the jury charge did not include an instruction tracking the language of section 724.017(a) of the Texas Transportation Code, and argued "that only certain people are qualified to take this blood under the direction of an order of a peace officer. And that includes only — only a physician, a qualified technician, a chemist, registered professional nurse or licensed vocational nurse may take a blood sample. . . ." Appellant desired an instruction that in the event the jury did not find Orsak to be a "qualified technician," they could not consider the blood draw evidence. The trial court overruled the objection.

## II. STANDARD OF REVIEW

"The purpose of the jury charge is to 'apply the law to the facts raised by the evidence.'" *Benn v. State*, 110 S.W.3d 645, 649 (Tex. App.—Corpus Christi 2003, no pet.) (quoting *Williams v. State*, 547 S.W.2d 18, 20 (Tex. Crim. App. 1977)). "It is clear that a charge must include an accurate statement of the law." *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994); *Johnson v. State*, 571 S.W.2d 170, 173 (Tex. Crim. App. 1978). "It is not the function of the charge merely to avoid misleading or confusing the jury; it is the function of the charge to lead and to prevent confusion."

*Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996) (quoting *Williams v. State*

547 S.W.2d 18, 20 (Tex. Crim. App. 1977)).

When an appellate court is presented with an argument that a trial court committed jury charge error, the reviewing court must conduct a two-step inquiry: "First, the reviewing court must determine whether the jury charge contains error. Second, the court must determine whether sufficient harm resulted from the error to require reversal." *Mann v. State*, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998) (en banc); *see also Benn*, 110 S.W.3d at 648. Once an appellate court finds jury-charge error, it applies one of the two following standards of review: "Where there has been a timely objection made at trial, an appellate court will search for only 'some harm.' By contrast, where the error is urged for the first time on appeal, a reviewing court will search for 'egregious harm.'" *Mann*, 964 S.W.2d at 641 (quoting *Abdnor*, 871 S.W.2d at 731–32).

### III.    ANALYSIS[4]

Appellant contends the trial court erred "in denying appellant his requested jury instruction regarding qualified technician.'" Specifically, appellant argues that Orsak does not fit into one of the statutorily required categories of personnel allowed to draw blood under section 724.017(a), and that a jury instruction, tracking the language of section 724.017(a) of the transportation code, was required under article 38.23 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005).

---

[4] A defendant must submit an objection to the court's jury charge in writing to preserve error. The writing requirement will be satisfied if any objections are dictated to the court reporter in the presence of the court and the state's counsel, before the reading of the court's charge to the jury. TEX. CODE CRIM. PROC. ANN. art 36.14 (West 2005). Appellant has properly preserved error by objecting to the jury charge in the presence of the state's counsel on the record.

The determination that a witness qualifies as a qualified technician under the transportation code is a question of law to be decided by the trial court. *See State v. Bingham*, 921 S.W.2d 494, 496 (Tex. Crim. App. 1996). "The common-sense interpretation of the term 'qualified technician' . . . must include a phlebotomist who a hospital or other medical facility has determined to be qualified in the technical job of venesection or phlebotomy, *i.e.*, the drawing of blood." *Id.* The Texas Court of Criminal Appeals recently affirmed a "phlebotomist is a technician who draws blood." *Krause v. State*, No. PD-0819-12, 2013 WL 1890731, at *3 (Tex. Crim. App. May 8, 2013); *see Torres v. State*, 109 S.W.3d 602, 606 (Tex. App.—Fort Worth 2003, no pet.); *Cavazos v. State*, 969 S.W.2d 454, 456 (Tex. App.—Corpus Christi 1998, pet. ref'd).

The trial court is not required to give an instruction if the defendant advances a legal argument, rather than a factual dispute. *Balentine v. State*, 71 S.W.3d 763, 773 (Tex. Crim. App. 1971). If the underlying facts are not contested, an instruction need not be given. *Holmes v. State*, 962 S.W.2d 663, 673 (Tex. App.—Waco 1998, pet. ref'd). Here, the undisputed evidence shows Orsak was a qualified phlebotomist. Orsak testified that she is a phlebotomist and established her credentials and qualifications as such during the trial. No challenge regarding her credentials or qualifications was brought on appeal. Accordingly, the trial court did not err by denying appellant's requested instruction. *See Smith v. State*, 65 S.W.3d 332, 342–343 (Tex. App.— Waco 2001, no pet.). The trial court properly overruled the appellant's request for a jury instruction including Texas Transportation Code section 724.017. *See Krause v. State*,

5

No. PD-0819-12, 2013 WL 1890731, at *3 (Tex. Crim. App. May 8, 2013).   We overrule appellant's sole issue.

## IV.   CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of July, 2013.

6