

# NUMBER 13-18-00580-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**KEVIN WAYNE ALLEN,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

### On appeal from the County Court at Law No. 1
### of Brazos County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

A jury convicted appellant Kevin Wayne Allen of driving while intoxicated (DWI) second offense, a class A misdemeanor. *See* TEX. PENAL CODE ANN. §§ 49.04(a); 49.09(a). The trial court sentenced him to 365 days in jail, probated for two years; and assessed a $4,000 fine. Allen contends the trial court erred in (1) concluding that the blood search warrant affidavit was sufficient to establish probable cause; (2) admitting the

blood alcohol content test result; and (3) denying a requested article 38.23 jury charge. We affirm.

## I.  BACKGROUND[1]

On January 21, 2016, Bryan Police Officers Roy Snell and Alexander Tran responded to an unrelated disturbance call.  After leaving the scene, Officer Snell observed a vehicle driving under five miles per hour, operated by Allen.  As Officer Snell attempted to conduct a traffic stop, Allen stopped on the right side of the roadway, reversed, and almost struck Officer Snell's patrol vehicle.  Officer Tran, in another vehicle, also responded to provide back up.

Officer Snell observed Allen slumped over on the driver's seat and unresponsive to his questions.  He detected slow, slurred, and incoherent speech; glassy, bloodshot eyes; and a heavy odor of alcohol.  When asked basic questions, Allen responded with difficulty.  Both officers asked Allen to exit the vehicle and perform a standardized field sobriety test, but Allen refused.

Allen admitted to Officer Tran that he consumed two beers.  Evidence admitted at trial revealed five 100-milliliter bottles of whiskey recovered from the vehicle, one of which was found empty on the front passenger floorboard. Officer Tran asked Allen to provide a breath or blood sample, but he refused.

Officer Tran submitted a sworn affidavit requesting a blood draw warrant.  Bryan Municipal Judge Albert Navarro issued the warrant.  The first line identifies the affiant as a peace officer with the Bryan Police Department.  The first numbered paragraph

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case was transferred to this Court from the Third Court of Appeals in Austin.   See TEX. GOV'T CODE ANN. § 73.001.

provides identifying information concerning Allen. The second and third paragraphs are pre-printed and contain no additional information. The fourth paragraph contains the date and time of the offense—"21 day of JANUARY, 2016 at approximately 10:12"— and the elements for driving while intoxicated. Paragraph five contains Officer Tran's probable cause statement which alleged:

> On 1/21/2015,[2] at approximately 1848 hours, I, Officer Tran, In full uniform, while operating a Bryan PD patrol vehicle, unit G-182, stopped a red 2013 Kia Soul, TXLP CHW8546, on 4510 Meadowbrook, Drive in Bryan, Texas. The operator, Kevin Wayne ALLEN . . . was observed operating the red Kia in the middle of the road, approximately under 5 mph, before stopping the car for approximately 1 minute obstructing the roadway before Officer Snell and I made contact with the driver, ALLEN. While speaking with ALLEN, he placed the car in reverse almost striking Officer Snell's patrol car; however, Officer Snell was able to have ALLEN place the car in park and removed the keys. Officer Snell and I both gave him directions to exit the car however he refused. We continued to speak to ALLEN through the opened door. Officer Snell and I spoke with ALLEN and detected an odor of an alcoholic beverage from his breath. ALLEN had glassy bloodshot eyes and was also unable to answer basic questions such as what time it was. ALLEN also had slurred speech when giving his home address . . . which was approximately 0.5 miles away. ALLEN stated that he was working at Goodwill and got off work at 1700 hours. He then said that he went to Taco Cabana and had 2 beers there at 1700 hours. ALLEN stated that he was depressed about girl problems. ALLEN stated that he has anxiety but could not describe any prescription drugs that he was taking. While speaking to ALLEN, I also observed an empty 100ml bottle of Fireball Cinnamon Whiskey in the front passenger floorboard. There was also a white plastic bag with 3 full bottles of 100ml Fireball Cinnamon Whiskey on the front passenger seat. There was also a full 100ml bottle of Fireball Cinnamon Whiskey behind Allen in the driverside rear floorboard. ALLEN refused to elaborate his inability to drive nor agree to take standardized field sobriety test. He was asked once again to exit the vehicle. When he did he demonstrated an inability to maintain his balance, and used the car for support. ALLEN was placed under arrest for Driving While Intoxicated – 2nd. While walking to the patrol car, ALLEN walked clumsily and stubbled [sic]. Officer Snell and I assisted him to the rear of

---

[2] The first sentence shows an error and displays the wrong date as "1/21/2015." Officer Tran testified the error was typographical.

the patrol car to keep him from falling over.

Officer Tran then swore to and signed the affidavit dated January 21, 2016.

Officer Tran transported Allen to St. Joseph's Hospital and instructed a phlebotomist to retrieve a blood sample pursuant to the warrant. Melissa Forray, a licensed phlebotomist, collected Allen's blood under supervision by Officer Tran. Officer Tran testified regarding the procedures of the blood draw. Officer Tran explained that he provided two gray-top vials containing anticoagulants and followed the procedures found in the blood kit. He inspected the vials for tampering prior to the procedure and watched Forray prepare the site with a non-alcohol swab. After the blood was drawn, Officer Tran rotated the vials to ensure the anticoagulant was properly mixed with the blood, and he placed an anti-tampering seal with his initials on the vials. The sample was transported to the Department of Public Safety laboratory in Austin, where an analysis revealed that Allen's blood alcohol content was 0.363. He was convicted as charged and this appeal followed.

## II. THE SEARCH WARRANT AFFIDAVIT ESTABLISHED PROBABLE CAUSE

By his first issue, Allen contends there was no substantial basis within the affidavit for the blood search warrant to establish probable cause.

### A. Standard of Review

When reviewing a magistrate's decision to issue a warrant, we apply a "highly deferential standard because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search." *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004). We interpret the affidavit in support of the warrant with common sense and in a realistic manner, recognizing that the

magistrate may draw reasonable inferences. *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007). When reviewing a magistrate's decision, the issue is not whether there are other facts that could have or even should have been included in the affidavit, but rather on the combined logical force of facts that are within the affidavit. *Id.* at 62.

We will uphold the magistrate's determination provided that there was a "substantial basis for concluding that probable cause existed." *Bonds v. State*, 403 S.W.3d 867, 873 (Tex. Crim. App. 2013). Therefore, a magistrate's decision "should carry the day in doubtful or marginal cases, even if the reviewing court might reach a different result upon de novo review." *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010).

### B. Applicable Law

Under both the Texas and the United States Constitutions, a search warrant is required for the extraction of blood from a person whom the police believe to be intoxicated. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; *see also Sanchez v. State*, 365 S.W.3d 681, 684 (Tex. Crim. App. 2012). The warrant must be based on probable cause that evidence of that offense could be found through the execution of a blood draw. *Sanchez*, 365 S.W.3d at 684.

In determining whether probable cause exists, the magistrate is limited to the four corners of the search warrant affidavit, as well as to reasonable inferences the magistrate might draw based on the facts contained in the affidavit. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). Probable cause exists "when reasonably trustworthy

5

facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence pertaining to a crime will be found." *Washington v. State*, 660 S.W.2d 533, 535 (Tex. Crim. App. 1983). Neither federal nor state law defines precisely what degree of probability is sufficient to establish probable cause, but it cannot be based only on the conclusory statements of the affiant. *Rodriguez*, 232 S.W.3d at 61.

### C.    Discussion

The municipal judge could have reasonably inferred that the input of the wrong date was a typographical error by Officer Tran because the correct date was stated multiple other times on the affidavit. Officer Tran testified during trial that the incorrect year was a mistake and a typographical error. Typographical errors, such as those regarding dates or times, do not automatically invalidate a search warrant. *See Green v. State*, 799 S.W.2d 756, 761 (Tex. Crim. App. 1990); *Castelan v. State*, 54 S.W.3d 469, 477 (Tex. App—Corpus Christi–Edinburg 2001, no pet.).

The judge could also look at the totality of the facts and circumstances—Allen was operating a vehicle under 5 miles per hour, nearly struck a patrol vehicle, exhibited glassy eyes, an odor of alcohol, slurred speech, and there was an empty whiskey bottle found in the vehicle—and reasonably infer that conducting a blood draw would provide additional evidence for the offense. *See Washington*, 660 S.W.2d at 535.

Allen incorrectly relies on *Farhart v. State* to suggest the affidavit does not contain sufficient facts to establish probable cause. *See* 337 S.W.3d 302, 306–07 (Tex. App.—Fort Worth 2011, pet. ref'd). In *Farhart*, the officer found pill containers in the console of

the vehicle and stated that the defendant had erratic driving behavior, but the officer failed to provide more observations pertaining to the defendant's condition to support the conclusion that the defendant was intoxicated. *See id.* However, the present case is distinguishable from *Farhart* because Officer Tran's affidavit included observations to support his belief that Allen was intoxicated including bloodshot eyes, slurred speech, an empty bottle of whiskey, and unsteady balance. *Compare id. with State v. Dugas*, 296 S.W.3d 112, 117 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (holding there was probable cause when the defendant smelled of alcohol, had slurred speech, was unsteady on his feet, admitted to consuming alcohol, failed multiple field sobriety tests, and became dazed and confused). We conclude the trial court did not err in determining there was a substantial basis for the magistrate to find probable cause. We overrule Allen's first issue.

### III.   TRIAL COURT DID NOT ERR IN ADMITTING THE BLOOD TEST RESULTS

By his second issue, Allen contends that the trial court erred in admitting the blood test results because the State failed to establish the proper predicate under § 724.017(a) of the transportation code. *See* TEX. TRANSP. CODE ANN. § 724.017(a).

### A.   Standard of Review

An appellate court reviewing a trial court's ruling on the admissibility of evidence must use an abuse-of-discretion standard of review. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Under this standard, we will not disturb the trial court's evidentiary ruling if it is correct under any applicable theory of law. *Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002). The trial court abuses its discretion only if the

ruling is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

Error in the admission of evidence is a non-constitutional error and is subject to a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 44(2)(b); *Taylor*, 286 S.W.3d at 592. Error is only reversible when it has a "substantial and injurious effect or influence in determining the jury's verdict." *Taylor*, 286 S.W.3d at 592. "We should not overturn the conviction if we have fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but a slight effect." *Id.*

### B. Applicable Law

In *Beeman v. State*, the court of criminal appeals held that transportation code Chapter 724 is inapplicable when there is a warrant to draw blood and compliance with that chapter is not necessary to satisfy the Fourth Amendment. 86 S.W.3d 613, 616 (Tex. Crim. App. 2002) (en banc). Whether a blood draw is conducted pursuant to a warrant or not, the assessment of reasonableness is purely a matter of Fourth Amendment law. *See* U.S. CONST. amend. IV ("The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated"); *State v. Johnson*, 336 S.W.3d 649, 661 (Tex. Crim. App. 2011). A blood draw conducted pursuant to the statute provides one way to establish reasonableness, but it is in no way exclusive. *Johnson*, 336 S.W.3d at 661.

8

Under the statute, only a qualified technician, chemist, registered professional nurse, or licensed vocational nurse may take a blood specimen at the request or order of a peace officer. *See* TEX. TRANSP. CODE ANN. § 724.017(a)(1)–(5). The Texas Court of Criminal Appeals held that a phlebotomist falls under a "qualified technician" who can draw blood. *See Krause v. State*, 405 S.W.3d 82, 86 (Tex. Crim. App. 2013). "The common-sense interpretation of the term 'qualified technician' . . . must include a phlebotomist who a hospital or other medical facility has determined to be qualified in the technical job of venesection or phlebotomy." *State v. Bingham*, 921 S.W.2d 494, 496 (Tex. Crim. App. 1996).

Determining reasonableness requires a two-part inquiry: (1) whether police were justified in making a defendant submit to a blood draw; and (2) "whether the means and procedures employed in taking [the defendant's] blood respected relevant Fourth Amendment standards of reasonableness." *Schmerber v. California*, 384 U.S. 757, 768 (1966); *Johnson*, 336 S.W.3d at 658. We determine whether the test was performed in a reasonable manner on an objective basis in light of the totality of the circumstances surrounding the blood draw. *Johnson*, 336 S.W.3d at 661. A "venipuncture blood draw" is presumed a reasonable means of measuring a suspect's blood alcohol content. *Id.* at 660. The analysis may include "whether the environment is a safe place in which to draw blood," "how the draw was actually performed," and whether practices "[invited] an unjustified element of personal risk of infection or pain." *Id.* at 662–64.

9

**C.    Discussion**

Allen contends that the State is required to comply with the predicate requirements under § 724.017(a) to admit the blood alcohol content results.    *See* TEX. TRANSP. CODE ANN. § 724.017(a).    He specifically argues that the State failed to prove that Forray was a qualified technician.    *See id.*    However, when a blood draw is conducted pursuant to a warrant, the statute is not the exclusive constitutional method to conduct a blood draw. *See Beeman*, 86 S.W.3d at 616.

Officer Tran obtained a valid search warrant and a judge determined there was probable cause based on Officer Tran's observations of Allen's intoxication.    *See Johnson*, 336 S.W.3d at 659–60.    We have already concluded that the affidavit supplied probable cause to issue the blood warrant.    Therefore, Officer Tran was justified in requiring Allen to submit to a blood draw, and the first inquiry was satisfied. *See id.*

The second inquiry requires that the test chosen be reasonable and performed in a reasonable manner.    The court of criminal appeals has previously held that venipuncture blood draws are presumed reasonable as means for measuring a suspect's blood alcohol content.    *See id.* at 660.    Allen has the burden to rebut the presumption by presenting evidence of a medical condition that would make a blood draw unreasonable, but he did not do so.    *See id.*    We will follow the authority of the higher court and find that the test was reasonable.    *See id.*

Prior to the blood procedure, Officer Tran determined the blood kit was not expired and inspected the vials for tampering.    The blood draw procedure was conducted by a phlebotomist at a hospital.    Forray prepared the blood draw site on Allen with a non-

10

alcoholic prep pad and extracted the blood sample under supervision by Officer Tran. We determine the hospital was a safe place to draw blood and the blood draw was done in a sterile manner. *See id.* Allen did not produce evidence that the manner in which the blood draw was conducted caused an "unjustified element of personal risk or infection or pain." *Schmerber*, 384 U.S. at 771–72. We conclude that the blood draw was performed in a reasonable manner and the trial court did not abuse its discretion by admitting the results. We overrule Allen's second issue.

## IV. ARTICLE 38.23 REQUESTED JURY CHARGE

By his third issue, Allen claims the trial court erred by denying a requested article 38.23 jury instruction. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23. However, Allen's brief only contains statements of the facts, but no citations to the record nor citations to supporting case law regarding this issue.

Briefing rules are to be construed liberally, and substantial compliance with the Texas Rules of Appellate Procedure is sufficient to avoid waiving the right to appeal an issue. TEX. R. APP. P. 38.9; *see State v. Bailey*, 201 S.W.3d 739, 744 (Tex. Crim. App. 2006). To avoid forfeiting a legal argument for inadequate briefing, an appellant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *see also Lucio v. State*, 351 S.W.3d 878, 897–98 (Tex. Crim. App. 2011); *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008); *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000). We find that Allen's third issue is inadequately briefed and we overrule his third issue.

## V.    CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of July, 2019.