# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00340-CV

**Christopher Jaroszewicz, Appellant**

**v.**

**Texas Department of Public Safety, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-15-001468, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After appellant Christopher Jaroszewicz refused to provide a blood or breath specimen following a traffic stop and investigation for driving while intoxicated, the Texas Department of Public Safety (Department) suspended his driver's license. *See* Tex. Transp. Code § 724.035 (requiring Department to suspend driver's license when person refuses to submit to taking of specimen). Following an administrative hearing, the administrative law judge (ALJ) entered an order authorizing the suspension of Jaroszewicz's license. Jaroszewicz appealed the ALJ's decision to the county court, which affirmed the ALJ's decision. On appeal to this Court, Jaroszewicz argues in two issues that the Department's evidence was insufficient to establish reasonable suspicion to conduct the traffic stop because the evidence about his vehicle's rate of speed prior to the traffic stop was not admissible and that he preserved his objection to the challenged evidence. For the following reasons, we affirm the county court's order.

## BACKGROUND[1]

During the administrative hearing on the suspension of Jaroszewicz's license, the ALJ admitted into evidence the police officer's sworn report, which incorporated the officer's affidavit for warrant of arrest and detention (the "affidavit"). In the affidavit, the officer averred to his reasons for the traffic stop: he observed the vehicle that Jaroszewicz was driving traveling "at a high rate of speed for the 30 mph zone" and "measured the speed at 45 mph using Doppler radar." When this report was offered during the administrative hearing, Jaroszewicz objected to the admission of the affidavit as follows: "And this affidavit that's incorporated is part of the DIC-23 wherein the officer states that he is—his visual ability to determine an excessive rate of speed and also wherein he states he used radar to determine the actual speed. Other than those two areas stated in the affidavit we would have no objection." The ALJ overruled the objection and admitted the sworn report, including the incorporated affidavit.[2]

After the hearing, the ALJ signed her administrative decision, authorizing the Department's suspension of Jaroszewicz's license. Relevant to this appeal, the ALJ's findings of fact in the administrative decision included that "reasonable suspicion to stop [Jaroszewicz] existed, in that [Jaroszewicz] drove 45 miles per hour in a 30 miles-per-hour zone." *See id.* § 724.042 (listing issues at administrative hearing on suspension of driver's license to include "whether . . . reasonable suspicion or probable cause existed to stop or arrest the person").

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

[2] The Department also offered Jaroszewicz's driving record for purposes of enhancement, which record was admitted without objection.

2

Jaroszewicz appealed the administrative decision to the county court, and the county court affirmed the administrative decision. *See id*. § 724.047 (noting that chapter 524 of Transportation Code governs appeal from action of Department following administrative hearing suspending driver's license); *see also id.* § 524.041 (addressing appeals from administrative hearing). This appeal followed.

**STANDARD OF REVIEW**

"[C]ourts review administrative license suspension decisions under the substantial evidence standard." *Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999); *see* Tex. Transp. Code §§ 524.043 (describing judicial review of administrative decision), 724.047; Tex. Gov't Code § 2001.174 (describing review under substantial evidence rule or undefined scope of review). "[W]hether there is substantial evidence to support an administrative decision is a question of law." *Texas Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006). "A court applying the substantial evidence standard of review may not substitute its judgment for that of the agency." *Mireles*, 9 S.W.3d at 131; *see* Tex. Gov't Code § 2001.174. The issue for the reviewing court is whether the record demonstrates some reasonable basis for the agency's action, not whether the agency's decision was correct. *Mireles*, 9 S.W.3d at 131. A reviewing court must affirm administrative findings in a contested case if there is more than a scintilla of evidence to support them. *Id*.

## ANALYSIS

Jaroszewicz's two issues focus on the admissibility of the evidence from the officer's affidavit relevant to whether the officer had reasonable suspicion to conduct the traffic stop—the police officer's visual observation that the vehicle that Jaroszewicz was driving was traveling "at a high rate of speed for the 30 mph zone" and that the officer "measured the speed at 45 mph using Doppler radar." *See* Tex. Transp. Code § 724.042 (listing issues at administrative hearing on suspension of driver's license to include "whether . . . reasonable suspicion or probable cause existed to stop or arrest the person"). He argues that he preserved his objections to this challenged evidence, that the challenged evidence was not admissible, and, therefore, that the Department's evidence was not sufficient to establish reasonable suspicion to conduct the traffic stop.

### Preservation of Error

In his first issue, Jaroszewicz contends that he preserved his objections to the admission of the challenged portions of the officer's affidavit because the objections when considered in context "were sufficient to apprise the ALJ and the Department's prosecutor of the nature and basis of counsel's objections." Jaroszewicz argues that the only contested issue in this case "has always been the sufficiency of the evidence to establish reasonable suspicion to conduct a traffic stop," that his objection to the challenged evidence "was not new or novel" to the ALJ or the Department, and that the only objections to the challenged evidence in this context are the ones that he specifically raises on appeal: "the sufficiency of the factual basis for the officer's opinion concerning his observations of speed and to an analysis, under *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992), of the admissibility of radar evidence to detect the speed of the vehicle."

4

Jaroszewicz's counsel, however, did not provide any basis for the objection to the challenged evidence prior to its admission other than to identify the objectionable areas of the affidavit—"wherein the officer states that he is—his visual ability to determine an excessive rate of speed and also wherein he states he used radar to determine the actual speed." He also did not provide any rule of evidence or other authority to support the exclusion of this evidence until after both parties rested and during closing arguments.[3] Raising the specific objections to the challenged evidence for the first time during closing argument, however, was untimely and, thus, did not preserve error. *See* Tex. R. App. P. 33.1(a)(1)(A) (requiring, as prerequisite to presenting complaint for appellant review, record to show that complaint was made by a "timely request, objection, or motion that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context"); *Curry v. Texas Dep't of Pub. Safety*, 472 S.W.3d 346, 353 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (applying rule 33.1 of Rules of Appellate Procedure in suit for judicial review of administrative suspension of driver's license to conclude that appellant waived complaint for consideration on appeal because she failed to raise it before ALJ); *Stowers*

---

[3] During closing arguments, Jaroszewicz's counsel argued that the Department had not met its burden to admit the officer's "expert testimony" as to the radar evidence under the second and third prongs of *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992), and he also challenged the officer's observations of his vehicle's rate of speed as "not generally accepted in the scientific community" to argue that the radar and visual observation evidence was not admissible and that the Department's evidence did not "add up to reasonable suspicion to conduct the stop." *See id.* at 573 ("As a matter of common sense, evidence derived from a scientific theory, to be considered reliable, must satisfy three criteria in any particular case: (a) the underlying scientific theory must be valid; (b) the technique applying the theory must be valid; and (c) the technique must have been properly applied on the occasion in question.").

*v. Texas Dep't of Pub. Safety*, 465 S.W.3d 257, 265 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (applying rule 33.1 of Rules of Appellate Procedure to conclude in suit for judicial review of administrative suspension of driver's license that appellant was required to "timely raise [complaint] during the administrative hearing" and that "[r]aising the complaint for the first time during closing argument and after the laboratory report had been admitted into evidence did not preserve the complaint").

Here, the specific ground or grounds for objecting to the challenged evidence were left unstated prior to the evidence's admission, and we cannot conclude that the ground or grounds were made clear by context: as noted by the Department, there were multiple and varying potential grounds for objection to radar evidence and an officer's visual observations of a vehicle's rate of speed. *Compare Mills v. State*, 99 S.W.3d 200, 201–02 (Tex. App.—Fort Worth 2002, pet. ref'd) (concluding that appellant preserved error because "context" of objection about radar evidence "made clear that he was contesting the radar gun's reliability under *Kelly*," noting that "objection specifically complained of the validity of the scientific theories and the veracity of the instruments used to test those theories"), *with Scherl v. State*, 7 S.W.3d 650, 652 (Tex. App.—Texarkana 1999, pet. ref'd) (concluding that objection to admission of breath results on ground that results were not shown to be admissible under rule of evidence 702 and cited cases was "general objection to an improper predicate and [was] by no means specific" and that objection did not preserve error because rule 702 and cited cases "cover numerous requirements and guidelines for the admission of expert testimony").

Based on our review of Jaroszewicz's counsel's objection in the context of the administrative hearing, we conclude that it was a general objection to the challenged evidence and that Jaroszewicz failed to preserve the specific objections that he now raises on appeal. *See* Tex. R. App. P. 33.1. Thus, we overrule Jaroszewicz's first issue.

**Admissibility and Sufficiency of Evidence of Reasonable Suspicion**

In his second issue, Jaroszewicz argues that the evidence of his vehicle's speed as determined by radar was not admissible and that the "non-testifying officer's written legal conclusion, that appellant was driving at a high rate of speed, without more" also was not admissible and, thus, that the Department's evidence was not sufficient to establish reasonable suspicion to conduct the traffic stop. *See* Tex. Transp. Code § 724.042; *see also Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005) (authorizing traffic stop when officer reasonably suspects that driver has violated law). "Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person actually is, has been, or soon will be, engaged in criminal activity." *Ford*, 158 S.W.3d at 492–93 (citing *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001)).

Jaroszewicz characterizes the challenged evidence as "conclusory" and the Department's evidence as insufficient because there were no specific, articulated facts to support the officer's conclusions about Jaroszewicz's vehicle's rate of speed. He argues that the radar evidence should have been excluded because "[t]here was no evidence to show the officer's knowledge and experience of the radar unit, how it operated, whether he calibrated the unit, or even knew how to calibrate it, whether he tested the unit, or even knew how to test it, or how long he had been using

7

radar to detect speed, if ever." Without this type of evidence to support the vehicle's speed as determined by radar, Jaroszewicz urges, the Department did not establish the second and third prongs of *Kelly* to support the evidence's admission. *See Kelly*, 824 S.W.2d at 573 (requiring evidence derived from scientific theory to satisfy criteria, including that "technique applying the theory must be valid" and "technique must have been properly applied on the occasion in question"). He also argues that, without evidence about the officer's knowledge and experience to determine a vehicle's rate of speed by visual observation, the officer's observation and estimate of Jaroszewicz's vehicle's rate of speed "amounts to nothing more than a mere hunch or suspicion."

Even if we were to conclude that Jaroszewicz's objections to the challenged portions of the affidavit were preserved for our review, however, we would conclude that the ALJ did not abuse her discretion when she admitted the officer's sworn report, including the challenged evidence in the incorporated affidavit. *See* 1 Tex. Admin. Code § 159.211(c)(2) (State Office of Admin. Hearings, Hearings) (stating that "officer's sworn report of relevant information shall be admissible as a public record" unless officer subject to subpoena fails to appear);[4] *Samuels-Wickham v. Texas*

---

[4] Section 159.211(c)(2) provides:

> An officer's sworn report of relevant information shall be admissible as a public record. However, the defendant shall have the right to subpoena the officer in accordance with § 159.103 of this title (relating to Subpoenas). If the defendant timely subpoenas an officer and the officer fails to appear without good cause, information obtained from that officer shall not be admissible. In the alternative, if the party who requested the subpoena wants to seek enforcement of the subpoena, the judge may grant the party a continuance.

1 Tex. Admin. Code § 159.211(c)(2) (State Office of Admin. Hearings, Hearings). The administrative record does not reflect that the officer was subpoenaed to testify at the administrative hearing.

*Dep't of Pub. Safety*, 121 S.W.3d 829, 830–31 (Tex. App.—Fort Worth 2003, no pet.) (noting, in context of suit for judicial review of administrative suspension of driver's license, that appellate courts "review administrative rulings on the admissibility of evidence under the same abuse of discretion standard we apply to trial courts" and concluding that ALJ did not abuse discretion in admitting police officer's "sworn report, also referred to as a DIC-23").

Based on our review of the officer's affidavit, we also conclude that there was substantial evidence to support the ALJ's finding of reasonable suspicion for the officer to conduct the traffic stop. *See Hesskew v. Texas Dep't of Pub. Safety*, 144 S.W.3d 189, 192 (Tex. App.—Tyler 2004, no pet.) ("Sworn affidavits of law enforcement officers must be viewed by the courts in a common sense, not hyper-technical, fashion. . . . Courts are permitted to draw reasonable inferences from the facts supporting a law enforcement officer's sworn statements." (citations omitted)). Even without crediting the radar evidence, the ALJ could have found that the officer's visual observation that Jaroszewicz's vehicle was traveling at "a high rate of speed for the 30 mph zone" was sufficient to establish reasonable suspicion for the officer to conduct the traffic stop. *See* Tex. Transp. Code § 545.352 (addressing speed limits); *Dillard v. State*, 550 S.W.2d 45, 53 (Tex. Crim. App. 1977) (op. on reh'g) (holding that traffic stop was justified based on testimony that vehicle "seemed to be traveling at an exceptionally high rate of speed" (internal quotations omitted)); *Hesskew*, 144 S.W.3d at 191 ("When a law enforcement officer stops someone on a public road, it is only necessary that he reasonably believes that a violation was in progress. . . . When a law enforcement officer observes a vehicle traveling what he believes to be fifteen miles over the posted speed limit, a traffic stop is justified." (citations omitted)).

Further, the Department was not required to show that Jaroszewicz was actually speeding to justify the officer's traffic stop, but only that the officer reasonably believed that Jaroszewicz was speeding. *See Texas Dep't of Pub. Safety v. Nielsen*, 102 S.W.3d 313, 317 (Tex. App.—Beaumont 2003, no pet.) ("The officer estimated Nielsen was driving at least sixty-five to seventy miles per hour in an area with a speed limit of fifty-five. [The Department] was not required to show that a traffic offense actually was committed, but only that the officer reasonably believed that a violation was in progress."). The officer's visual observation of Jaroszewicz's vehicle's rate of speed was more than a scintilla of evidence to support that the officer reasonably believed that a traffic violation was in progress and, therefore, that reasonable suspicion existed to justify the traffic stop. *See* Tex. Transp. Code § 724.042; *Mireles*, 9 S.W.3d at 131 (applying substantial evidence standard); *see also Markle v. State*, No. 01-13-01028-CR, 2015 WL 505194, at *3 (Tex. App.—Houston [1st Dist.] Feb. 5, 2015, pet. ref'd) (mem. op., not designated for publication) (collecting cases in which officer's observation of speeding "was alone sufficient to justify the traffic stop"); *Simpson v. State*, No. 07-07-0310-CR, 2008 WL 4367960, at *3 (Tex. App.—Amarillo Sept. 25, 2008, no pet.) (mem. op., not designated for publication) ("An officer's visual estimate of a vehicle's speed may be sufficient to give an officer a reasonable suspicion to stop the vehicle.").

For these reasons, we overrule Jaroszewicz's second issue.

## CONCLUSION

Having overruled Jaroszewicz's issues, we affirm the county court's order affirming the administrative decision authorizing the Department to suspend Jaroszewicz's driver's license.

 

_____

                   Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   August 26, 2016